# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3800

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska |
| Pablo Stallings, | * | |
| | * | |
| Appellant. | * | |
| | * | |

_____

Submitted: May 13, 2002

Filed: August 23, 2002

_____

Before McMILLIAN, FAGG, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Pablo Stallings was convicted of conspiracy to possess with intent to distribute cocaine base. The government filed an information seeking to enhance Stallings's sentence to life imprisonment. The district court, relying upon the convictions set out in the notice, imposed the enhancement and sentenced Stallings to life imprisonment. Stallings now appeals his conviction and sentence. We affirm the conviction but reverse and remand the sentence imposed.

I.

Stallings challenges his enhanced sentence contending the procedure and notice were defective and the two prior felony convictions were not proved beyond a reasonable doubt. "Because resolution of this claim requires us to interpret the statute, we review de novo the district court's use of the two prior convictions for enhancement purposes." United States v. Johnston, 220 F.3d 857, 860 (8th Cir. 2000). We first consider the procedural and notice challenges to the § 851(a) information. A prerequisite for sentence enhancement under 21 U.S.C. § 841(b) is a timely filed information detailing the prior convictions the government intends to rely upon for sentence enhancement. See 21 U.S.C. § 851(a)(1). To satisfy the procedural and notice requirements of the § 851(a) information, "the government must file its information before jury selection begins, thus allowing the defendant 'ample time [. . .] to go to trial, and to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict.'" United States v. Robinson, 110 F.3d 1320, 1327-28 (8th Cir. 1997) (quoting United States v. Johnson, 944 F.2d 396, 407 (8th Cir. 1991)). The government filed the § 851(a) information on Friday, July 13, 2001. Stallings's trial commenced on Tuesday, July 17, 2001. Stallings's procedural contentions are without merit. Stallings received timely notice of the government's intent to seek the § 851(a) enhancement before trial and had an opportunity to challenge the convictions before the sentence was imposed. 21 U.S.C. § 851(b), (c); see also Robinson, 110 F.3d at 1328 (filing of information minutes before voir dire satisfied requirements of § 851(a)(1)).

Stallings contends the government failed to prove the two prior convictions beyond a reasonable doubt. The two predicate convictions offered by the government for enhancement purposes were a 1993 California conviction and a 1987 Nevada conviction. At sentencing, defense counsel entered a valid objection to the prior convictions on the basis of "identity, relevance, and foundation." Therefore, under 21 U.S.C. § 851(c)(1), the government had the burden to prove the two prior felony

drug convictions beyond a reasonable doubt. Stallings does not challenge on appeal the use of the 1987 Nevada conviction. However, he raises a variety of challenges to the use of the 1993 California conviction. Based upon the record, we conclude judgment was never properly entered against Stallings in connection with the California conviction, and, consequently, reliance on that conviction for purposes of 21 U.S.C. § 841(b)(1)(A)(viii) sentence enhancement was improper.[1]

At the sentencing hearing, the government introduced a number of exhibits in an attempt to prove up the California conviction. These exhibits show that the defendant was charged with felony possession for sale of cocaine base in violation of section 11351.5 of the Health and Safety Code of California. The defendant entered a plea of nolo contendere. He was sentenced to three years probation, subject to the serving of 78 days in the county jail, and ordered to pay restitution and court costs. The sentencing documents also show that "imposition of sentence was suspended." Subsequently, a revocation of probation proceeding was commenced in the Superior Court of California, County of Alameda. However, the record made at the sentencing hearing indicates no further action was taken on the California probation officer's revocation recommendation. The remaining reference to the California conviction is in an Oregon Presentence Report, introduced into evidence at the sentencing hearing, which states that California "revocation proceedings are unlikely given Stallings's conviction in Federal Court."[2]

---

[1]Stallings made a valid objection at sentencing to his California conviction. The grounds relied upon in this opinion to invalidate the sentence were raised through questioning by Judge McMillian at oral argument. The parties were then given the opportunity to file supplemental briefs on the issue of whether there was ever a judgment entered by the California courts. The court is now in receipt of the supplemental briefing on that issue.

[2]The referenced federal court conviction is a 1995 conviction for Interstate Travel in Aid of a Crime of Racketeering prosecuted in the United States District Court for the District of Oregon.

The final disposition of the California conviction resulted in Stallings receiving probation with the imposition of sentence suspended. Although probation revocation proceedings were commenced by the probation office, the California court neither revoked probation nor did it pronounce judgment. See Cal. Penal Code § 1203.2(b); see also People v. Smith, 90 Cal. Rptr. 811, 814 (Cal. Ct. App. 1970) ("It is equally clear that probation was revoked . . . and a bench warrant was issued so that judgment and sentence could be imposed, imposition thereof having been suspended approximately three years earlier . . . ."). If imposition of sentence was suspended, and probation was never revoked, then there is no judgment entered against the defendant. As explained in an early California Supreme Court case:

> When judgment is not pronounced and further proceedings are suspended, there is no judgment against [the defendant]. His activities are limited only by the terms of the probationary order, under the supervision of the probation officer. Upon revocation of probation the defendant is entitled to a hearing and to be sentenced, before he can be committed to the appropriate institution.

Stephens v. Toomey, 338 P.2d 182, 187 (Cal. 1959) (citation omitted); see also People v. Pennington, 261 Cal. Rptr. 476, 478 (Cal. Ct. App. 1989) ("Where no sentence is imposed at the time probation is granted, a subsequent decision terminating probation requires that judgment be pronounced." (citing Cal. Penal Code § 1203.2, subd. (c)); United States v. Qualls, 108 F.3d 1019, 1023 (9th Cir. 1997) ("There is no judgment pending against a probationer when the court withholds imposition of judgment and suspends further proceedings. Because the California court granted [the defendant] probation and suspended further proceedings, [the defendant] does not have a final or pending judgment against him in California." (internal citations omitted)), aff'd en banc, 140 F.3d 824, vacated and remanded, 525 U.S. 957, rev'd on other grounds, 172 F.3d 1136.

-4-

In United States v. Robinson, 967 F.3d 287 (9th Cir. 1992), the Ninth Circuit concluded that under California law a probation order is not a "judgment" when the imposition of sentence is suspended. See id. at 293. The Ninth Circuit noted that California law provides: "[W]hen a sentencing court grants probation after a conviction, it may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order its execution to be stayed. In the latter case only, a judgment of conviction is rendered." Id. (citing People v. Arguello, 381 P.2d 5, 6 (Cal. 1963)); see also United States v. Haggerty, 85 F.3d 403, 406 (8th Cir. 1996) (citing Robinson for the proposition that a probation order is not a judgment). In Stallings's case, there was no judgment of conviction entered and the appropriate time for revoking his probation and entering judgment has lapsed. See Cal. Penal Code §1203.3(a) ("The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. . . ."); see also In re Perez, 418 P.2d 6, 11 (Cal. 1966) ("If probation was timely revoked, judgment could be imposed at any time thereafter."); Smith, 90 Cal. Rptr. at 814 ("It is also settled that an order revoking probation, to be valid, must be made within the period fixed in the order of probation. If not revoked within that period, the probation terminates automatically on the last day."). Accordingly, no valid judgment has been entered against Stallings and, therefore, the enhanced sentence imposed in reliance upon the California conviction was improper.

II.

Stallings also contends the evidence was insufficient to support his conviction. We review sufficiency of the evidence challenges in the light most favorable to the verdict, giving the government the benefit of all reasonable inferences. United States v. Calderin-Rodriquez, 244 F.3d 977, 983 (8th Cir. 2001). Under this standard, we find Stallings's contentions without merit. Witnesses testified that Stallings shipped cocaine through the mail and arranged for others to deliver crack on his behalf. The government also introduced wiretap evidence linking Stallings with admitted drug

distributors and physical evidence including two scales, an Exacto knife, a razor, and a large amount of cash seized from a storage locker rented to Stallings. Stallings contends that the drug dealers testifying against him were motivated to reduce their sentences through cooperation with the government. Issues of witness credibility and bias, however, were resolved by the jury and we do not reconsider these issues on appeal. Id. at 918.

## III.

Finally, Stallings contends that the sentencing disparity between crack cocaine and powder cocaine crimes violates the Due Process Clause. This argument has been repeatedly considered and rejected by this court. See United States v. Johnson, 108 F.3d 919, 922 (8th Cir. 1997) (citing United States v. Carter, 91 F.3d 1196 (8th Cir. 1996); United States v. Smith, 82 F.3d 241, 244 (8th Cir. 1996), cert. denied, 519 U.S. 856 (1996)). Only the court en banc can overrule an earlier panel decision. United States v. Riza, 267 F.3d 757, 760 (8th Cir. 2001).

Accordingly, we affirm the conviction, and remand for re-sentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-