# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 02-3548

_____

United States of America,

           Appellee,

v.

Cole Milo Maxon,

           Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
District of North Dakota.

[PUBLISHED]

_____

Submitted: March 13, 2003
Filed: August 6, 2003

_____

Before HANSEN, Chief Judge,[1] JOHN R. GIBSON and LOKEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Cole Milo Maxon pleaded guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C.

---

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

§ 841(a)(1) (2000). After the district court[2] determined that Maxon was subject to an enhanced mandatory minimum sentence of 20 years in prison under 21 U.S.C. § 841(b)(1)(A) based on his prior conviction for a felony drug offense in North Dakota state court, the district court sentenced Maxon to 240 months imprisonment followed by a 10-year term of supervised release. Maxon appeals, asserting that because his North Dakota conviction had not become final, the district court erred in relying upon that conviction to enhance his sentence under § 841(b)(1)(A). Because we conclude that Maxon's conviction had become final under the meaning of § 841, we affirm.

I.

In 1999, Maxon pleaded guilty in North Dakota State District Court to the offense of delivery of a controlled substance (marijuana), a class B felony. In an order titled "Amended Criminal Judgment and Commitment" dated and filed November 8, 1999, the state court sentenced Maxon to three years in the state penitentiary, with all but one year and one day suspended subject to three years of supervised probation. (Appellant's App. at 24-25.) Maxon served his time in the penitentiary and was released on supervised probation. During an authorized search of Maxon's residence, officials discovered 50 or more grams of methamphetamine, which led to the federal indictment in this case. Less than one month after Maxon pleaded guilty to the federal offense, the North Dakota court revoked his state probation.

A person who possesses 50 or more grams of methamphetamine with intent to distribute "after a prior conviction for a felony drug offense has become final, . . . shall be sentenced to a term of imprisonment which may not be less than 20 years and

---

[2]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

not more than life imprisonment."  21 U.S.C. § 841(b)(1)(A).  The district court concluded that Maxon's prior conviction required the imposition of a 20-year minimum sentence.  We review de novo the district court's conclusions of law that are based on its interpretation of a federal statute.  See United States v. Whiting, 165 F.3d 631, 633 (8th Cir. 1999).

II.

The district court sentenced Maxon to 20 years imprisonment because it concluded that Maxon's 1999 North Dakota state conviction had "become final" under the meaning of § 841(b)(1)(A).  Maxon does not dispute that the 1999 North Dakota proceedings resulted in a "conviction" and a "sentence" against him.  Indeed, he served one year and one day of his sentence in the state penitentiary.  Rather, he asserts that, under North Dakota law, the conviction was not "final" because the sentence was not final.  See, e.g., Davis v. State, 625 N.W.2d 855, 858-59 (N.D. 2001) (stating that "[a] sentence which includes probation is not final" in responding to a defendant's double jeopardy claim after resentencing for probation revocation).  Applying the reasoning of our decision in United States v. Ortega, 150 F.3d 937, 948 (8th Cir. 1998), cert. denied, 525 U.S. 1087 (1999), we reject Maxon's arguments and conclude that, under federal law, Maxon's 1999 North Dakota conviction had "become final" when he committed the violation of § 841.

In Ortega, the defendant had received a suspended sentence and three years of supervised probation for a prior Missouri state drug offense.  After pleading guilty to a violation of § 841(a), Ortega challenged the federal district court's imposition of a 20-year mandatory minimum sentence based on his prior state drug offense because the imposition of a suspended sentence with probation was not considered a "final conviction" under Missouri law.  In rejecting Ortega's argument, we applied federal law to determine the meaning of "final" and held that "deferred adjudications or probated sentences constitute convictions in the context of § 841." Id. (quoted source

and internal marks omitted). In so holding, we concluded that "Ortega's Douglas County offense and guilty plea, for which he served supervised probation and received a suspended imposition of sentence, qualifie[d] as a prior <u>final</u> felony drug conviction for purposes of section 841(b)". <u>Id.</u> (emphasis added).

Citing the more recent case of <u>United States v. Stallings</u>, 301 F.3d 919, 921-22 (8th Cir. 2002), Maxon urges us to apply North Dakota law to determine the finality of his 1999 conviction. In <u>Stallings</u>, a panel of this court applied California law and concluded that a suspended sentence with supervised probation did not constitute a conviction for the purposes of § 841. Because the defendant only challenged the existence of a prior conviction, the <u>Stallings</u> court never reached the question of whether a conviction was "final." We do not believe that <u>Stallings</u> controls the result in this case because the issue of finality was not decided there. Furthermore, to the extent that the application of state law in <u>Stallings</u> conflicts with the application of federal law in <u>Ortega</u>, under the rules of this circuit, we are "free to cho[o]se which line of cases to follow." <u>Kostelec v. State Farm Fire & Cas. Co.</u>, 64 F.3d 1220, 1228 n. 8 (8th Cir. 1995) (noting that one panel is powerless to overrule the opinion filed by another panel). Because our analysis in <u>Ortega</u> is consistent with the clear, well-reasoned approach to defining "become final" developed by our sister circuits, we conclude that <u>Ortega</u> offers the proper approach in this case and that federal law applies.

In resolving a similar argument, the Fifth Circuit held that federal law controls the interpretation of § 841 and that "the final-conviction language of § 841(b)(1)(B) applies to a conviction which is no longer subject to examination on direct appeal . . . either because of disposition on appeal and conclusion of the appellate process, or because of the passage, without action, of the time for seeking appellate review." <u>United States v. Morales</u>, 854 F.2d 65, 68-69 (5th Cir. 1988) (collecting Third, Ninth, and Eleventh Circuit cases); <u>see also</u> <u>United States v. Howard</u>, 115 F.3d 1151, 1158 (4th Cir. 1997) (noting that federal law applies and concluding that "a prior

conviction is final for the purposes of a section 841 enhancement when the time for taking a direct appeal has expired"); United States v. Lovell, 16 F.3d 494, 497 (2d Cir. 1994) (holding that "a prior conviction is final for purposes of [§ 841(b)(1)(B)] when all avenues of direct appellate review have been exhausted").  Maxon's right to appeal his state conviction expired 10 days after the entry of the Amended Judgment on November 8, 1999.  See N.D. R. Crim. P. 37(b)(1) (Michie 1998).  Because the time for direct appeal of the state conviction had passed when Maxon committed the federal offense, Maxon's 1999 North Dakota conviction had "become final" for purposes of § 841, and the district court properly sentenced Maxon to the 20-year mandatory minimum sentence.

III.

For the foregoing reasons, we affirm the judgment of the district court.  We deny the appellant's motion to transfer this case to the en banc court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.