# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2097

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Benjamin G. Slicer, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 18, 2003

Filed: March 24, 2004

_____

Before LOKEN, Chief Judge, McMILLIAN, BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Benjamin Slicer pled guilty to the offense of possession with the intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). After the district court determined that Slicer was not subject to an enhanced mandatory minimum sentence of twenty years in prison under 21 U.S.C. § 841(b)(1)(A) based on his prior suspended sentence for a felony drug offense in Missouri state court, the district court sentenced Slicer to 180 months' imprisonment followed by a five-year term of supervised release. The government appeals, asserting that Slicer should have been subjected to the enhanced mandatory minimum sentence. Because we conclude that Slicer's prior suspended sentence satisfies section 841, we reverse and remand for resentencing.

## I. BACKGROUND

On June 18, 1996, Slicer pled guilty to a class C felony, possession of a controlled substance, in the Circuit Court of Butler County, Missouri. Slicer received a suspended sentence with three years' supervised probation.

On August 1, 2002, the government executed a search warrant at Slicer's residence, seizing over fifty grams of methamphetamine along with other drug evidence. A grand jury returned an indictment on August 15, 2002, charging Slicer with two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Slicer pled guilty to count two of the indictment on November 20, 2002, and was sentenced on March 24, 2003. Count one was dismissed on motion of the government.

Before Slicer's plea hearing, the government filed a notice under 21 U.S.C. § 851 to request an enhancement from the ten-year mandatory minimum under section 841(b)(1)(A) to the twenty-year mandatory minimum based on Slicer's prior felony drug offense conviction. The district court considered the application of section 841(b)(1)(A) at sentencing and evaluated the applicability of existing Eighth Circuit precedent including United States v. Stallings, 301 F.3d 919 (8th Cir. 2002), United States v. Franklin, 250 F.3d 653 (8th Cir. 2001), and United States v. Ortega, 150 F.3d 937 (8th Cir. 1998). The district court concluded it was bound by Stallings and did not apply the enhancement.

## II. DISCUSSION

### A. Enhancement

We must decide whether Slicer's prior suspended sentence for the Missouri felony drug offense qualifies under the section 841(b)(1)(A) enhancement provision. Under this provision, a person who possesses fifty or more grams of

methamphetamine with intent to distribute "after a prior conviction for a felony drug offense has become final . . . shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . [with an additional term of] supervised release of at least 10 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(A). Because resolution of this claim requires us to interpret the statute, we review de novo the district court's use of Slicer's prior convictions for enhancement purposes. Stallings, 301 F.3d at 920.

In Stallings, a panel of this circuit concluded that a prior California felony drug possession conviction did not trigger the enhancement provision of section 841(b)(1)(A). Id. at 920-21. The Stallings defendant had received probation with a suspended sentence for the prior California felony drug offense. Id. at 921. Applying California state law and federal law, this court determined that because the defendant's sentence was suspended, and his probation had never been revoked, there had been no judgment entered against the defendant. Id. at 922. Thus, we held that the district court improperly applied the enhancement provision. Id. In the instant case, the district court held that it was bound by Stallings and denied enhancement of Slicer's sentence under section 841(b)(1)(A). Slicer urges us to apply Stallings and affirm the district court.

The government challenges the district court's application of Stallings, arguing that enhancement is proper given Slicer's prior Missouri felony drug offense. We have dealt with similar applications of section 841(b)(1)(A) enhancements in other cases. In Franklin, the defendant was convicted of violating 21 U.S.C. § 841(a)(1) and the district court enhanced the defendant's sentence under section 841 based upon a prior Missouri conviction that resulted in a suspended sentence. 250 F.3d at 656, 665. In affirming the enhancement of the defendant's sentence, this court recognized that although "Missouri has chosen not to treat suspended sentences as final judgments, Missouri law does not control the question of what constitutes a 'conviction' for purposes of 21 U.S.C. § 841." Id. (citing supporting authority from the Eighth Circuit and several sister circuits for the proposition that, absent a plain

-3-

indication to the contrary, when Congress enacts a statute it does not intend to make its application dependent upon state law).

In Ortega, the defendant was convicted of various drug trafficking offenses under section 841. 150 F.3d at 941. The district court enhanced Ortega's sentence under section 841(b)(1)(A) based on two prior convictions for felony drug offenses in Missouri. Id. at 948. Ortega had received a term of imprisonment on one of the prior offenses and a suspended sentence with three years of supervised probation for the other. Id. at 947. Just as Slicer contends in this case, Ortega argued that his prior conviction that resulted in a suspended sentence did not qualify as a conviction under state law and thus should not count as a prior final conviction under section 841(b)(1)(A). Id. at 948. This court rejected that argument, noting that the determination of what constitutes a "final conviction" for purposes of section 841(b) is a question of federal law. Id. We held that Ortega's prior felony offenses qualified as prior final felony drug convictions for purposes of section 841(b). Id.

We find the facts concerning Slicer's prior Missouri felony drug offense and guilty plea, for which he served supervised probation and received a suspended sentence, to be on all fours with the facts of Ortega and Franklin.[1] Applying the reasoning of these authorities, Slicer's sentence should have been enhanced under section 841(b)(1)(A).

---

[1]To the extent the application of federal law in Ortega and Franklin conflicts with the application of state law in Stallings, "under the rules of this circuit, we are 'free to cho[o]se which line of cases to follow.'" United States v. Maxon, 339 F.3d 656, 659 (8th Cir. 2003) (quoting Kostelec v. State Farm Fire & Cas. Co., 64 F.3d 1220, 1228 n.8 (8th Cir. 1995)) (alteration in original). On these facts, however, the choice is made for us because we find ourselves in identical circumstances as those facing the Ortega and Franklin panels.

**B.     Waiver**

Slicer further argues that the government's appeal in this case should be dismissed because the government entered into a general waiver of its appellate rights on the issue before this court.  The plea agreement states:

> [B]oth the defendant and the Government hereby mutually agree to waive all rights to appeal all non-jurisdictional issues, including but not limited to . . . whatever sentence is imposed . . . *reserving only the right to appeal from an upward or downward departure from the Guideline range that is established by the Court at sentencing and the right to appeal any sentence enhancement imposed by the Court for the defendant's prior felony drug conviction under 21 U.S.C. §§ 851 and 841(b)(1)(A).*

Emphasis added.

We need not determine whether the government waived the right to appeal the district court's failure to apply the section 841(b)(1)(A) enhancement given our determination that the court imposed an illegal sentence.  Enforcing that waiver would result in a miscarriage of justice.  "[W]e will . . . refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice."  United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003) (en banc), cert. denied, 124 S. Ct. 501 (2003).  The imposition of an illegal sentence is one example of circumstances that might constitute a miscarriage of justice.  "[T]he illegal sentence exception to the general enforceability of an appeal waiver is an extremely narrow exception."  Id. at 892.  "'[A] sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime.'"  Id. (quoting United States v. Greatwalker, 285 F.3d 727, 729 (8th Cir. 2002)).

## III.  CONCLUSION

For the reasons stated herein, we reverse and remand for resentencing in accordance with this opinion.

_____