# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3799

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Amanda K. Tankersley, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 18, 2004
Filed: July 13, 2004

_____

Before SMITH, BEAM, and COLLOTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Amanda Tankersley appeals her conviction for being a felon in possession of a firearm. The issue on appeal is whether Tankersley's underlying burglary conviction is an adequate predicate offense for the felon-in-possession charge. We find that it is, and affirm the district court.[1]

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska, adopting the Report and Recommendation of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

## I.   BACKGROUND

Tankersley's underlying conviction was for felony burglary in California state court.  She pled guilty and received a suspended sentence, a fine, restitution, community service, and three-years probation.  During her three years of probation, Tankersley failed to appear for several probation hearings, and once had her probation revoked and a bench warrant was issued for her arrest.  After she was arrested and finally appeared, her probation was reinstated but transferred to Nebraska.  While on probation in Nebraska, she was arrested and charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Tankersley moved to dismiss the indictment, arguing that under California law, a suspended sentence does not constitute a judgment and therefore it cannot be used as the predicate felony for felon in possession of a firearm.  The district court denied the motion, and Tankersley entered a conditional guilty plea, reserving her right to appeal the predicate-felony issue.

## II.   DISCUSSION

We review de novo the district court's decision to deny a motion to dismiss. United States v. King, 351 F.3d 859, 867 (8th Cir. 2003), cert. denied, 72 U.S.L.W. 3749 (U.S. June 14, 2004) (No. 03-1539).  Defendant argues that this circuit's decision in United States v. Stallings, 301 F.3d 919 (8th Cir. 2002), precludes her California conviction from operating as a predicate offense for 18 U.S.C. § 922(g)(1). In Stallings, we held that a suspended sentence is not a "judgment" under California law, for purposes of applying a federal drug sentencing enhancement.  301 F.3d at 922.  Stallings did not involve the federal gun statute at issue here.

We disagree with Tankersley's interpretation of the effect of Stallings on her case.  18 U.S.C. § 922(g)(1) provides that "[i]t shall be unlawful for any person who

has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. The statute does not require that the defendant must have actually served the one year in prison. All it requires is that the offense be punishable by incarceration for over one year. Felony burglary is such an offense. And Tankersley was *convicted* of felony burglary when she pled guilty to felony burglary. The law of the forum determines what constitutes a conviction, see 18 U.S.C. § 921(a)(20), and under California law, a guilty plea results in a conviction. Stephens v. Toomey, 338 P.2d 182, 184 (Cal. 1959); see also People v. Banks, 348 P.2d 102, 106 (Cal. 1959) (holding that a guilty plea results in a "conviction" for purposes of a recidivism statute).

Stallings does not change this. In Stallings, the defendant had pled nolo contendere to the underlying conviction, rather than guilty, as Tankersley did here. Furthermore, the Stallings court noted that the defendant's underlying probation had not been revoked, which precluded a *judgment* from being entered under California law. 301 F.3d at 922. Section 922 requires a prior *conviction*. 18 U.S.C. § 922(g)(1). The record indicates that a conviction was entered against Tankersley. Indeed, we fail to see how Tankersley could have been placed on probation and subject to its restrictions without an underlying conviction. Accordingly, Stallings is distinguishable and does not control the outcome here.

## III.   CONCLUSION

Tankersley was convicted of burglary in California, a predicate felony for purposes of Section 922(g)(1), regardless of the sentence actually imposed. See United States v. Sample, 136 F.3d 562, 564 (8th Cir. 1998) (holding that guilty plea to a felony drug offense was a predicate felony under 18 U.S.C. § 922(g)(1), even though defendant had not yet been sentenced for the prior felony conviction). Accordingly, we affirm the district court.

_____