# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1157

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Damon Burse, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 14, 2004
Filed: September 20, 2004

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and FAGG, Circuit Judges.

_____

PER CURIAM.

Damon Burse pleaded guilty to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). Based on Burse's earlier Missouri felony drug offense, the district court[*] applied the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) ("If any person [violates § 841(a)(1)] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years . . . .").

_____

[*]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

On appeal, Burse challenges the enhancement asserting his conviction on Missouri drug charge is not final for the purposes of § 841 because the conviction resulted in a suspended sentence. Burse argues that under federal law, a suspended sentence is final only after the time for appeal has passed, and that a suspended sentence is not appealable in Missouri. In United States v. Slicer, 361 F.3d 1085, 1087 (8th Cir. 2004), however, we held a defendant's earlier suspended sentence for a felony drug offense under Missouri law was an earlier final conviction for the purposes of § 841(b). See also United States v. Franklin, 250 F.3d 653, 665 (8th Cir. 1998); United States v. Ortega, 150 F.3d 937, 948 (8th Cir. 1998). Burse acknowledges Slicer, but contends we should choose to follow another case instead, United States v. Maxon, 339 F.3d 656, 659 (8th Cir. 2003). Contrary to Burse's assertion, we do not believe Maxon applies to this case. In Maxon, we held that because the time for the direct appeal of the defendant's North Dakota conviction had passed when he committed his federal offense, his state offense had become final for purposes of § 841. We were not presented with the precise issue here, which is controlled by our decision in Slicer.

In his pro se supplemental brief, Burse also contends the term cocaine base in 21 U.S.C. § 841(b)(1) is ambiguous, citing United States v. Brisbane, 367 F.3d 910 (D.C. Cir. 2004). Because Burse pleaded guilty to possession with intent to distribute cocaine base, the precise meaning of the term is immaterial in this case. Given Burse's guilty plea, the Government was not required to prove the substance possessed by Burse was cocaine base within the meaning of the statute.

Burse also argues the 100-to-1 ratio in cocaine sentencing is irrational. Although the United States Sentencing Commission, Attorney General Reno, and Drug Czar McCaffrey recommended modifying the sentencing scheme in 1997, Congress has not changed the law. Thus, our decisions upholding the ratio's constitutionality foreclose Burse's argument. See United States v. Carter, 91 F.3d

1196, 1197-99 (8th Cir. 1996) (per curiam); <u>United States v. Jackson</u>, 67 F.3d 1359, 1367 (8th Cir. 1995).

We thus affirm Burse's sentence.

_____