# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2589

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff/Appellee | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Richard Lawrence Davis, | * | |
| | * | |
| Defendant/Appellant. | * | |

_____

Submitted: April 12, 2005
Filed: August 8, 2005

_____

Before MURPHY, BRIGHT and MELLOY, Circuit Judges.

_____

MURPHY, Circuit Judge.

After Richard Lawrence Davis was convicted by a jury of possessing more than 50 grams of crack cocaine with the intent to distribute, his motion for a new trial was granted and the government appealed. We reversed, reinstating the conviction and remanding for sentencing. See United States v. Davis, 367 F.3d 787, 790 (8th Cir. 2004). On remand the district court[1] imposed a 20 year mandatory minimum sentence. Davis appeals, arguing that he is entitled to a new trial because of the prosecutor's improper closing argument, that he did not have a qualifying prior felony

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

conviction to support the mandatory minimum sentence, and that the sentencing facts relating to his prior conviction should have been submitted to a jury. We affirm.

Davis first argues that the prosecutor's rebuttal argument at trial was improper and that the court's curative measures were insufficient, entitling him to a new trial.[2] The government contends on the other hand that the prosecutor was fairly responding to arguments made by defense counsel. In his closing argument defense counsel had suggested that the government deceived the jury about the experience and motivation of the investigating officers, and he accused the prosecutor of having met with the government witnesses before trial in order to influence their testimony. Counsel also said the prosecutor had belittled the defendant on cross examination. In her rebuttal argument the prosecutor responded to the allegations. She suggested that the charge about fabricating witness testimony was nothing more than a litigation tactic. The defense objected, and the court instructed the prosecutor to "refrain from personalizing." The prosecutor argued that the government witnesses had been aggressively cross examined by Davis' lawyer and that they would not have wanted to come to testify had they known how they would be treated. Defense counsel objected, and the court instructed the prosecutor to "move on." The prosecutor also told the jury that it was necessary to meet with witnesses before trial to learn what they had seen and to inform them about trial procedures, and suggested that the cross examination done by defense counsel had lengthened the trial. The court sustained the objection and instructed the jury to disregard the comment.

---

[2]Appellant's posttrial motion for a new trial was granted on a ground he had not raised, and it is not clear whether he had based it on the prosecutor's closing argument. See Davis, 367 F.3d at 790. The government has not objected that Davis should have raised the issue in a protective cross appeal, and we assume that was not required since Davis had received the relief he sought. See Bethea v. Levi Strauss and Co., 916 F.2d 453, 456 (8th Cir. 1990)

Davis claims that the prosecutor engaged in an improper personal attack by telling the jury that defense counsel had misstated facts, had distracted the jury, and had been aggressive in cross examination. Davis also contends that the government improperly vouched for its witnesses during rebuttal by stating that it is a crime to fabricate testimony and that its meetings with witnesses were appropriate and not out of the ordinary. Davis argues that these statements prejudicially affected his substantial rights because the government lacked strong evidence of his guilt and the district court failed to take sufficient curative action in sustaining only one of his three objections. In reply, the government argues that the prosecution's remarks were not improper because they were a justified response to the allegations made by the defense in its closing. It also contends that Davis suffered no prejudice as a result of the statements and points out that the defense made few objections, that it did not seek a mistrial, and that the district court gave curative comments after each of the defense objections.

Trial courts have broad discretion in controlling closing arguments, and they will only be reversed if there has been a clear abuse of that discretion. United States v. Wesley, 798 F.2d 1155, 1156 (8th Cir. 1986).[3] A conviction will be overturned on the basis of inappropriate prosecutorial comments only if they have affected the overall fairness of the defendant's trial. United States v. Young, 470 U.S. 1, 11-12 (1985). In determining whether reversal is merited, we consider whether the prosecutor's comments were actually improper within the context of the trial and, if so, whether they were so prejudicial that the defendant was deprived of his right to a fair trial. United States v. Eldridge, 984 F.2d 943, 946 (8th Cir. 1993). Prejudice

[3]The government argues that Davis failed to object to all of the challenged statements at trial and as a result some of the prosecutor's comments are subject to review only for plain error. Because Davis has not demonstrated that any of the challenged statements were sufficiently prejudicial to require a new trial under the abuse of discretion standard, we do not need to determine whether any of the statements require plain error review.

is determined in light the misconduct's cumulative effect, the strength of the evidence of the defendant's guilt, and the curative actions of the trial court. Id. at 946-47. In reviewing objections to the government's closing argument we must think about "the probable effect the prosecutor's response would have on the jury's ability to judge the evidence fairly." Young, 470 U.S. at 12.

The prosecutor's remarks in rebuttal must be viewed in their context. In his closing argument defense counsel had accused the prosecutor of deceiving the jury about the age and experience of testifying officers, of humiliating the defendant in cross examination, and of fabricating the testimony of its witnesses. A prosecutor "is entitled to make a fair response and rebuttal" if he or government agents or witnesses are attacked. United States v. Williams, 97 F.3d 240, 246 (8th Cir. 1996) (quoting United States v. Lee, 743 F.2d 1240, 1253 (8th Cir. 1984)). The rebuttal comments by the prosecution in this case were a responsive attempt to "right the scale" after the "defense counsel's opening salvo." Young, 470 U.S. at 12-13; United States v. Franklin, 250 F.3d 653, 660-61 (8th Cir. 2001). Unlike the remarks requiring reversal in United States v. Cannon, 88 F.3d 1495, 1502 (8th Cir. 1996), the comments were directed at defense counsel rather than the defendant. Moreover, the government presented strong evidence of Davis' guilt, see United States v. Hernandez, 779 F.2d 456, 461 (8th Cir. 1985), and the district court took curative actions whenever there was an objection. The court instructed the prosecutor both to "refrain from personalizing" and to move on. It also sustained a defense objection and instructed the jury to disregard the prosecutor's comment about the length of the defense cross examinations. There was no motion for mistrial or other request for intervention by the court. We conclude after studying the trial record that Davis has not shown that he was prejudiced by the prosecutor's remarks or that the overall fairness of the trial was impacted by the rebuttal argument. He is therefore not entitled to a new trial.

Davis also challenges on two grounds the mandatory minimum sentence imposed by the district court and seeks resentencing. Before trial the government

filed a criminal information alleging that Davis had a prior final conviction for a felony drug offense, referencing September 24, 2001 state convictions for possession of marijuana and second degree drug trafficking. Based on this, the information alleged that Davis was subject to a twenty year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A), for violation of § 841(a) after a prior final conviction of a felony drug offense. Davis filed a response denying that he had a prior felony drug conviction because he had received a suspended imposition of sentence and probation from a Missouri court for drug trafficking and under Missouri law that did not count as a conviction. Davis also asserted that possession of marijuana was a misdemeanor offense. The district court nevertheless applied § 841(b) in sentencing Davis to 240 months.

Davis argues first that the district court erred by imposing a mandatory minimum sentence under § 841(b). He asserts that he did not have a prior felony drug conviction since suspended sentences are not considered convictions under Missouri state law. See Yale v. City of Independence, 846 S.W.2d 193, 194 (Mo.1993) (en banc). Davis acknowledges that in each case in which we have considered the applicability of § 841(b) to Missouri suspended sentences, we have applied federal law to determine that such sentences are final convictions requiring application of a mandatory minimum sentence. See United States v. Slicer, 361 F.3d 1085 (8th Cir. 2004); United States v. Franklin, 250 F.3d 653 (8th Cir. 2001); United States v. Ortega, 150 F.3d 937 (8th Cir. 1998). He nevertheless argues that we should follow United States v. Stallings, 301 F.3d 919, 921 (8th Cir. 2002),where the defendant was held not to have a judgment of conviction for purposes of § 841(b) because his California sentence had been suspended. Davis argues we should give full faith and credit to Missouri judgments by applying Missouri law to determine whether he has a state conviction.

The government argues that what constitutes a final prior conviction for a felony offense under § 841(b) is a question of federal law and that suspended

sentences for felony drug offenses have always been treated as final convictions by this court, citing Slicer, Franklin, and Ortega. The government seeks to distinguish these cases from Stallings by citing a case where the court observed in passing that Stallings never decided whether the California conviction there was final. See United States v. Maxon, 339 F.3d 656, 659 (8th Cir. 2003) (holding North Dakota conviction final under federal law despite state probation provision). Finally, the government argues that not only are the facts concerning Davis' prior suspended sentence identical to those in Ortega and Franklin, but that Slicer, a case decided after Stallings, reaffirmed that Missouri suspended sentences are final convictions under federal law. See Slicer, 361 F.3d at 1086, 1087 n.1.

Reviewing the district court's application of § 841(b) de novo, we find the key facts related to Davis's Missouri drug offense to be almost identical to those in Ortega, Franklin, and Slicer and conclude that his suspended sentence is a final felony conviction under federal law. See id. In each of those cases, the defendant had previously received a suspended sentence and probation for a Missouri felony drug offense. In each, we applied federal law and held that the defendant's suspended sentence was a final prior conviction for a felony drug offense for purposes of § 841(b). Davis was convicted of a felony drug offense in Missouri court and given a suspended sentence and term of supervised probation. Under federal law, this was a conviction for which the government could seek an increased mandatory minimum sentence. Ortega, 150 F.3d at 948; Franklin, 250 F.3d at 665; Slicer, 361 F.3d at 1087.

Davis also challenges the district court's application of § 841(b) on Sixth Amendment grounds, arguing that under Blakely v. Washington, 124 S.Ct 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), the facts relating to his prior conviction should have been submitted to the jury for determination beyond a reasonable doubt. The fact of a prior conviction remains a sentencing factor that need not be submitted to a jury, however. Almendarez-Torres v. United States, 523 U.S.

224, 226-27 (1998); see also United States v. Johnson, 408 F.3d 535 (8th Cir. 2005) (Almendarez-Torres not overruled by subsequent cases).

We conclude that appellant's Sixth Amendment rights were not violated by the application of § 841(b) based on the court's finding that Davis had a prior felony drug conviction and that the district court did not err in imposing a twenty year mandatory minimum sentence under § 841(b)(1)(A).

The judgment of the district court is therefore affirmed.

BRIGHT, Circuit Judge, concurring separately.

I am bound to concur by precedent, but I do protest against a holding where the court examines state judicial proceedings but refuses to credit the character of those proceedings as determined by the state itself.

Davis had previously been prosecuted for drug trafficking in Missouri. The Missouri court did not impose judgment and sentence, but placed Davis on probation and suspended further judicial proceedings pending Davis' successful completion of probation. In other words, no judgment was entered against Davis. See generally Yale v. City of Independence, 846 S.W.2d 193, 194 (Mo. 1993). The state court could have imposed judgment and sentence but then suspended the *execution* of the sentence to place Davis on probation. See id. In that case, a judgment would have been entered against Davis.

The state court deliberately chose not to enter a judgment of conviction against Davis. The federal courts should respect the character of state judicial proceedings, as determined by the states themselves. Respect for the dignity of the states in our federal system requires that we do so. See U.S. Const., Art. IV, § 1 (the Full Faith & Credit clause). We should not declare that state proceedings that did not, in the

state's eyes, result in a final conviction is nevertheless a final conviction under federal law.

Davis is now twenty-three years old. He was convicted in this case, at the age of twenty-one, of possessing one 78-gram rock of crack cocaine, with the intent to distribute it. Davis is not a drug kingpin. He does not have a long criminal record. Apart from the present case, he has one juvenile conviction (from when he was thirteen years old), one adult conviction for driving with a revoked driver's license, and the non-conviction-conviction at issue in this appeal (for possessing marijuana and for second-degree drug trafficking).

A straight guidelines sentence would be approximately 12½ years to 15½ years (151 to 188 months). The federal court's refusal to credit the Missouri court's decision to suspend judicial proceedings rather than to convict Davis mandates an additional 4½ to 7½ years in prison.

The straight guidelines sentence is itself very harsh. The additional prison term, premised on a refusal to credit the Missouri court's characterization of its own judicial proceedings, is gratuitous and unjust. One need not take a sentimental view of drug dealers to see that this twenty-year mandatory minimum sentence comes disturbingly close to simply throwing away a young life.

This is a case well-suited for review by this court en banc, or by the United States Supreme Court.

_____