# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1478

———————

United States of America,      *

         Appellee,      *

     v.      *    Appeal from the United States
     *    District Court for the
Darrell Givens,      *    Western District of Missouri.
     *
         Appellant.      *       [UNPUBLISHED]

———————

Submitted: February 2, 2006
Filed: February 8, 2006

———————

Before ARNOLD, BYE, and SMITH, Circuit Judges.

———————

PER CURIAM.

Darrell Givens pleaded guilty to distributing 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), on four occasions in March and April 2004. After the sentencing hearing--which was conducted post-United States v. Booker, 543 U.S. 220 (2005), under advisory Guidelines--the district court[1] sentenced Mr. Givens to concurrent terms of 121 months imprisonment and 8 years of supervised release. Mr. Givens appeals, and his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967). Mr. Givens has filed a pro se

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

supplemental brief and an appellate motion, which we construe as a motion to strike the Anders brief and appoint new counsel.

As to the arguments in the Anders brief, Mr. Givens's prior Missouri felony drug conviction, for which he received a suspended imposition of sentence and probation, qualified as a prior final felony drug conviction for purposes of triggering the 10-year minimum prison term under 21 U.S.C. § 841(b), see United States v. Slicer, 361 F.3d 1085, 1087-88 (8th Cir.), cert. denied, 543 U.S. 914 (2004); United States v. Ortega, 150 F.3d 937, 948 (8th Cir. 1998), cert. denied, 525 U.S. 1087 (1999), and any contention that the Missouri conviction was not a "controlled substance offense" within the meaning of the Guidelines provision related to career offender status is irrelevant. In addition, Mr. Givens waived his sentence-manipulation or sentence-entrapment argument by pleading guilty and stipulating to his accountability for 122.01 grams of crack cocaine for purposes of his Guidelines base offense level. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal).

Mr. Givens's pro se arguments concerning his counsel's performance and any resulting miscarriage of justice should be brought, if at all, in 28 U.S.C. § 2255 proceedings, where the record can be properly developed. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we deny the pending motion.

_____