# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3345

_____

United States of America,    *
                             *
    Appellee,    *    Appeal from the United States
                             *    District Court for the
    v.    *    Western District of Missouri.
                             *
Winfred Eugene Taylor, Jr.,    *    [UNPUBLISHED]
                             *
    Appellant.    *

_____

Submitted: August 7, 2007
Filed: August 9, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Winfred Eugene Taylor, Jr., challenges his sentence imposed by the district court[1] upon his guilty plea to a drug offense, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.  For reversal, he argues that a prior Missouri felony for possession of a controlled substance, for which he received a suspended imposition of sentence and probation, was not a final conviction for purposes of enhancement pursuant to 21 U.S.C. § 841.  We affirm.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

After careful de novo review of the record, see United States v. Slicer, 361 F.3d 1085, 1086 (8th Cir. 2004) (standard of review), we find that the facts presented here are similar to those in cases previously decided by us--all of which applied federal law in holding that a prior state offense for which the defendant received a suspended imposition of sentence was a final conviction for purposes of section 841, regardless of how state law would classify the conviction and sentence.  See United States v. Davis, 417 F.3d 909, 912-13 (8th Cir. 2005), cert. denied 546 U.S. 1144 (2006); Slicer, 361 F.3d at 1086-87; United States v. Maxon 339 F.3d 656, 658-59 (8th Cir. 2003); United States v. Franklin, 250 F.3d 653, 664-65 (8th Cir. 2001); United States v. Ortega, 150 F.3d 937, 947-49 (8th Cir. 1998).  The decision in United States v. Stallings, 301 F.3d 919, 921-22 (8th Cir. 2002), which applied state law to decide the issue, does not dictate a different result here.  See Slicer, 361 F.3d at 1086-87 (declining to follow Stallings because facts concerning Slicer's prior Missouri felony drug offense and guilty plea were on all fours with Ortega and Franklin; to extent application of federal law in Ortega and Franklin conflicted with application of state law in Stallings, panel was free to choose which line of cases to follow); Maxon, 339 F.3d at 659 (also noting freedom to choose which line of cases to follow; collecting Fifth, Third, Second Circuit cases holding that federal law controls interpretation of § 841).

Accordingly, the judgment is affirmed.
_____