# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1789

_____

United States of America,

        Appellee,

v.

Michael E. Craddock,

        Appellant.

\* \
\* \
\* \
\* \
\*   Appeal from the United States \
\*   District Court for the Western \
\*   District of Missouri. \
\* \
\*   [PUBLISHED] \
\*

_____

Submitted: January 11, 2010 \
Filed: February 1, 2010

_____

Before GRUENDER and SHEPHERD, Circuit Judges, and JARVEY,[1] District Judge.

_____

PER CURIAM.

In October 2008, Michael Craddock pled guilty to possession with intent to distribute over 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Pursuant to 21 U.S.C. § 851, the government sought to enhance Craddock's sentence based upon a prior conviction for sale of a controlled substance

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

that resulted in a suspended imposition of sentence. The district court[2] accepted this enhancement and sentenced Craddock to 240 months imprisonment, the mandatory minimum sentence pursuant to § 841(b)(1)(A). Craddock appeals this sentence, and we affirm.

## I.

Following Craddock's arrest in March 2008, a federal grand jury returned a nine-count indictment against Craddock for drug and weapons charges. Pursuant to 21 U.S.C. § 851(a)(1), the government filed a notice seeking to enhance Craddock's sentence under 21 U.S.C. § 841(b)(1)(A), based upon his prior Jackson County, Missouri, conviction for sale of a controlled substance, which resulted in a suspended imposition of sentence and three years probation. On October 2, 2008, Craddock pled guilty to count six of the indictment, possession with the intent to distribute over 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). In the plea agreement, Craddock reserved the right to appeal the issue of whether his suspended imposition of sentence in Missouri state court was a "prior conviction" such that § 841(b)(1)(A) increased his mandatory minimum prison sentence from 10 years to 20 years. Following a sentencing hearing, the district court sentenced Craddock to a 240-month mandatory minimum sentence.[3] Craddock appeals the imposition of this sentence.

---

[2]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

[3]But for the 240-month mandatory minimum sentence under § 841(b)(1)(A), Craddock's advisory Guidelines sentencing range would have been 120 to 135 months imprisonment.

II.

Section 841(b)(1)(A) of Title 21 provides that any person who commits certain drug crimes, including possession with intent to distribute 50 grams or more of cocaine base, shall be sentenced to at least ten years imprisonment. However, "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ." 21 U.S.C. § 841(b)(1)(A). Craddock argues that because Missouri courts do not consider a suspended imposition of sentence to be a final judgment, see Yale v. City of Independence, 846 S.W.2d 193, 194 (Mo. 1993) (en banc), he has no "prior conviction for a felony drug offense [that] has become final" that would subject him to § 841(b)(1)(A)'s enhanced 20-year minimum sentence.

The great weight of authority, however, is against Craddock's position. We have previously held that the question of what constitutes a "prior conviction" for purposes of § 841(b)(1)(A) is a matter of federal, not state, law, and that a suspended imposition of sentence qualifies as such a prior conviction.[4] See, e.g., United States v. Davis, 417 F.3d 909, 912-13 (8th Cir. 2005), cert. denied 546 U.S. 1144 (2006);

_____

[4]Although some of the cases discuss them interchangeably, under Missouri law a "suspended sentence" or "suspended execution of sentence" and a "suspended imposition of sentence" are separate sentencing options available to the trial court. See Mo. Rev. Stat. § 557.011.2 (allowing a court to "(3) Suspend the imposition of sentence, with or without placing the person on probation; [or] (4) Pronounce sentence and suspend its execution, placing the person on probation . . . ."). Suspended executions of sentence are considered to be final judgments by Missouri courts, while suspended impositions of sentence are not. See Yale v. City of Independence, 846 S.W.2d 193, 194-95 (Mo. 1993). We have previously held both suspended impositions of sentence and suspended executions of sentence qualify as prior convictions for purposes of § 841(b)(1)(A). See United States v. Slicer, 361 F.3d 1085, 1086-87 (8th Cir. 2004) (suspended execution of sentence); United States v. Ortega, 150 F.3d 937, 948 (8th Cir. 1998) (suspended imposition of sentence).

United States v. Slicer, 361 F.3d 1085, 1086-87 (8th Cir.), cert. denied 543 U.S. 914 (2004); United States v. Franklin, 250 F.3d 653, 665 (8th Cir.), cert. denied 534 U.S. 1009 (2001); United States v. Ortega, 150 F.3d 937, 948 (8th Cir. 1998), cert. denied 525 U.S. 1087 (1999). This holding is in line with "[s]everal of our sister circuits [that] have held that deferred adjudications or probated sentences constitute convictions in the context of § 841." Ortega, 150 F.3d at 948 (citing United States v. Cisneros, 112 F.3d 1272, 1281 (5th Cir. 1997); United States v. Mejias, 47 F.3d 401, 403-04 (11th Cir. 1995) (per curiam); United States v. Meraz, 998 F.2d 182, 184-85 (3d Cir. 1993); United States v. Campbell, 980 F.2d 245, 250-51 (4th Cir. 1992); United States v. McAllister, 29 F.3d 1180, 1184-85 (7th Cir. 1994)).

Craddock acknowledges this line of cases but urges us to follow United States v. Stallings and hold that his suspended imposition of sentence is not a prior drug conviction for purposes of § 841(b)(1)(A). 301 F.3d 919, 921-22 (8th Cir. 2002) (relying on California law to find that a suspended imposition of sentence for felony possession of cocaine base could not be the basis for an enhanced sentence under § 841(b)). We decline to do so. First, while Craddock argues, in part, that his prior conviction was not final, we have previously held that Stallings did not discuss finality and, thus, is not controlling on the issue. See United States v. Maxon, 339 F.3d 656, 659 (8th Cir. 2003) ("We do not believe that Stallings controls the result in this case because the issue of finality was not decided there."). Additionally, to the extent that Stallings evinces a conflict in our precedent, "we are free to choose which line of cases to follow." Meyer v. Schnucks Mkts., Inc., 163 F.3d 1048, 1051 (8th Cir. 1998). We think the older Ortega line of cases holding that a suspended imposition of sentence is a prior conviction for purposes of § 841(b)(1)(A) is more persuasive and is in line with the decisions of our sister circuits. See Maxon, 339 F.3d at 659 (recognizing the split in this court's authority and "conclud[ing] that Ortega offers the proper approach").

-4-

Craddock also argues that the reasoning employed by the <u>Ortega</u> line of cases has been undermined and that we should therefore overrule them. Even if we found this argument persuasive, we are without the authority to overrule the decisions of a prior panel of this circuit. <u>See</u> <u>United States v. Betcher</u>, 534 F.3d 820, 823-24 (8th Cir. 2008) ("[I]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (quotation omitted)).

III.

For the foregoing reasons, the judgment of the district court is affirmed.

_____