# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3865

_____

United States of America,              *
                                       *

        Plaintiff - Appellee,       *

                                      *    Appeal from the United States

     v.                                *    District Court for the

                                      *    Western District of Missouri.

Derwayne A. Williams,           *

                                       *    [UNPUBLISHED]

        Defendant - Appellant.      *

_____

Submitted: September 20, 2010
Filed: October 19, 2010

_____

Before RILEY, Chief Judge, MELLOY and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Derwayne Williams pleaded guilty to conspiring to distribute crack cocaine. The district court[1] relied upon a prior Missouri felony drug conviction to find that Williams was subject to the twenty-year mandatory-minimum-sentence provision of 21 U.S.C. § 841(b)(1)(A). The court then imposed the statutory minimum sentence. Williams appeals arguing his prior state conviction cannot be used for enhancement purposes because the Missouri courts suspended imposition of his sentence, and under

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Missouri law, the suspended sentence is not a final judgment. He also argues he received ineffective assistance of counsel.

Federal law, and not state law, governs for the purpose of determining whether a prior conviction is final and triggers application of the statutory minimum contained in § 841(b)(1)(A). United States v. Craddock, 593 F.3d 699, 701 (8th Cir. 2010). We recently applied this rule to affirm the identical enhancement based on a Missouri conviction involving the suspended imposition of a sentence. Id. (finding pursuant to federal law that a Missouri felony drug conviction qualifies as a "prior conviction" for purposes of § 841(b)(1)(A) even though the Missouri courts had suspended imposition of the sentence). Accordingly, the district court properly found that Williams's state-law conviction triggered the enhancements of § 841(b)(1)(A).[2]

We affirm the judgment of the district court.

_____

_____

[2]We generally do not address claims of ineffective assistance of counsel on direct appeal because such claims are better addressed through collateral proceedings. See United States v. Lee, 374 F.3d 637, 654 (8th Cir. 2004) ("A defendant's claims of ineffective assistance of counsel . . . may be heard [on direct appeal] only if a miscarriage of justice would otherwise result or if the district court has developed a record on the issues.") (internal citations omitted). Finding these exceptions inapplicable, we decline to address Williams's claims of ineffective assistance.