# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2523

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Todd Richard Chazen, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 12, 2012
Filed: March 28, 2012

_____

Before MURPHY, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Todd Chazen appeals his conviction for being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), asserting that the district court[1] improperly sentenced him as an armed career criminal. As relevant here, to qualify as such a criminal, a defendant must have been convicted of three felonies that "involve[] conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(ii). Chazen admits that he has two such convictions, but argues that his conviction for an escape from custody under Minn. Stat. § 609.485, subd. 2(1),

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

should not have been counted as the third. He contends that this statute is over-inclusive, that is, that it penalizes offenses that do not qualify as predicates for armed career criminal status, because on its face it criminalizes a mere failure to return to custody after a furlough.

The district court recognized the over-inclusiveness of the Minnesota statute, but consulted the criminal complaint in Chazen's case, which charged him with escaping from a county jail. This was a proper application of the so-called modified categorical approach, *see United States v. Vincent*, 575 F.3d 820, 824 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 3320 (2010), and we have held that an escape from custody is a predicate offense under the Armed Career Criminal Act. In fact, we have a precedent that is squarely on point: It involves the very same statute as the one in issue here and requires the result that the district court reached here. *See United States v. Furqueron*, 605 F.3d 612 (8th Cir. 2010). Chazen argues that *Furqueron* was wrongly decided, but it wasn't. Besides, we are not at liberty to overrule a previous panel. *United States v. Craddock*, 593 F.3d 699, 702 (8th Cir. 2010).

Affirmed.

_____