# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2216

_____

United States of America

*Plaintiff - Appellee*

v.

Devonte Denterrio Jenkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: April 15, 2019
Filed: August 1, 2019
[Unpublished]

_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Devonte Jenkins appeals after the district court[1] used his Iowa deferred judgment to enhance his sentence under 21 U.S.C. §§ 841(b)(1)(B) and (b)(1)(C). We affirm.

Jenkins was charged with one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and one count of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). His indictment contained notice under § 21 U.S.C. § 851 that Jenkins committed those offenses having a prior conviction: a 2015 Iowa deferred judgment for possession of cocaine base with the intent to deliver.

Sections 841(b)(1)(B) and (b)(1)(C) impose an enhanced sentence if Jenkins committed his offenses "after a prior conviction for a serious drug felony . . . has become final." Jenkins objected to the § 851 notice and argued that an Iowa deferred judgment does not qualify as a final prior conviction for purposes of the enhancement. The magistrate judge filed a report and recommendation rejecting Jenkins's arguments, and the district court entered an order adopting the report and recommendation. Jenkins then pleaded guilty but appeals the court's reliance on his Iowa deferred judgment to enhance his sentence. He argues that an Iowa deferred judgment does not qualify as a prior conviction that "has become final" because it is interlocutory in nature and does not allow for an appeal. We review Jenkins's claim *de novo*. *See United States v. Johnston*, 220 F.3d 857, 860 (8th Cir. 2000).

We previously concluded that an Iowa deferred judgment is a prior final conviction for purposes of a sentencing enhancement. *United States v. Funchess*, 422

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa, adopting the report and recommendation of the Honorable C.J. Williams, then Magistrate Judge for the Northern District of Iowa, now United States District Judge for the Northern District of Iowa.

F.3d 698, 703 (8th Cir. 2005) (concluding that the deferred judgment at issue was both a "prior conviction" and "final"). While Jenkins makes several arguments questioning the foundations of that decision, "[i]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." *Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc).

Nevertheless, he argues that *Funchess*'s holding is contrary to an earlier case, *United States v. Stallings*, 301 F.3d 919 (8th Cir. 2002), and is therefore not binding on this panel. But as Jenkins acknowledges, *Funchess* rests on an even earlier decision, *United States v. Ortega*, 150 F.3d 937 (8th Cir. 1998), which contradicts *Stallings*, and we have previously refrained from following *Stallings* over *Ortega*, *see, e.g.*, *United States v. Craddock*, 593 F.3d 699, 702 (8th Cir. 2010). Thus, we remain bound by *Funchess*.

Accordingly, we affirm the district court's judgment.

_____