# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3732

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Sirree Muhammed Riza, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: May 15, 2001

Filed: October 2, 2001

_____

Before LOKEN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Sirree Muhammad Riza stole nineteen checks totaling $124,262.49 from his employer, a health care provider in Edina, Minnesota. He deposited the checks in an account he had secretly opened at TCF Bank, using the assumed name Mandel Tyler. Riza then withdrew the money, using cashiers checks drawn on the TCF account, and redeposited it into a Norwest Bank account in the name of his fiancé's business, L&D Consulting. When the scheme was discovered, Riza was charged with nineteen counts of embezzlement from a health care provider and fourteen counts of concealment money laundering in violation of 18 U.S.C. §§ 669(a) and 1956(a)(1)(B)(i). He pleaded guilty to one count of each.

At sentencing, the district court[1] applied the base offense level for money laundering, the offense with the higher base offense level. See U.S.S.G. §§ 2S1.1, 3D1.4. The court declined to group the embezzlement and money laundering offenses under U.S.S.G. § 3D1.2, which resulted in a one-level increase to the total offense level. The court determined that Riza's prior convictions placed him in criminal history category three, which produced a Guidelines sentencing range of 41-51 months in prison. The court denied Riza's motion for a downward departure and sentenced him to 41 months in prison. He appeals that sentence, arguing the district court erred by denying a downward departure and by refusing to group the money laundering and embezzlement offenses under the Sentencing Guidelines. We affirm.

Riza moved for a downward departure under U.S.S.G. § 5K2.0. Citing United States v. Woods, 159 F.3d 1132 (8th Cir. 1998), in which we affirmed a downward departure from the money laundering guideline, Riza argued that his conduct fell outside the heartland of money laundering offenses because it was simple theft accompanied by a "receipt-and-deposit" diversion to conceal the theft, rather than the type of large scale drug trafficking and professional money laundering that Congress had in mind when it enacted the money laundering statutes. The district court denied that motion, explaining:

> I agree with the position that the defense takes, that this was not particularly the intent of the Congress in enacting the money laundering statute. . . .
>
> [But] the Eighth Circuit has not construed it that way. In part, but not entirely that way. And the Court is going to deny the motion in this case, because I believe that this is the type of case that the Eighth Circuit has looked at, and the Court must follow its dictates.

---

[1]The HONORABLE JOHN R. TUNHEIM, United States District Judge for the District of Minnesota.

The . . . purpose of setting up this separate [TCF Bank] account was, for lack of a better term, to launder this money. . . .

And therefore, I think the Court is required in this instance to deny the motion for a downward departure.

The creation of the separate account . . . I think creates a separate crime of money laundering in this case, despite the Court's general feelings concerning what the Congress may have intended or not.

On appeal, Riza argues that the district court erred in denying his motion for a downward departure. Our scope of review of this issue is exceedingly narrow. "[W]e have consistently held that the district court's decision *not* to depart downward is unreviewable so long as the court was aware of its authority to depart." United States v. Orozco-Rodriguez, 220 F.3d 940, 942 (8th Cir. 2000); see 18 U.S.C. § 3742(a), (b); Koon v. United States, 518 U.S. 81, 96 (1996). Citing the district court's expression of sympathy for his position as to the intent of Congress, Riza contends that the court misunderstood its departure authority. We disagree.

Riza argued to the district court that a downward departure from the money laundering guideline is appropriate for money laundering offenses other than large scale, professional or narcotics-related money laundering operations. That argument is inconsistent with the money laundering guideline because the Sentencing Commission took those factors into account by providing for *increases* to the money laundering base offense level when illegal drug proceeds or large amounts of money have been laundered. See U.S.S.G. § 2S1.1(b)(1), (2). If a sentencing factor is "already taken into account by the applicable Guideline, the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Koon v. United States, 518 U.S. 81, 96 (1996). Accordingly, in United States v. Morris, 18 F.3d 562, 569 (8th Cir. 1994), we reversed a downward departure from the money laundering

guideline granted to defendants convicted of relatively simple bank fraud, rejecting the district court's determination "that neither Congress nor the Sentencing Commission intended the [money laundering offense] to be punished more severely than the [fraud offense]."

However, in support of his downward departure motion, Riza submitted a memorandum of law that correctly cited Eighth Circuit cases for the proposition that district courts may depart downward from the money laundering guideline in atypical cases. In Woods, we carefully traced the legislative history of the money laundering guideline and concluded that the district court did not abuse its discretion in determining that the specific offense in question lay outside the heartland of this guideline. 159 F.3d at 1134-36. Following Woods, we reversed a downward departure that the district court had based on the disparity between the fraud and money laundering guidelines, but we specifically noted that the court on remand "may find [the] case presents additional unique or atypical features that take it outside the money laundering guideline heartland." United States v. Ross, 210 F.3d 916, 928 (8th Cir.), cert. denied, 531 U.S. 969 (2000). Woods and Ross establish that a district court has discretion to depart downward from the money laundering guideline in a truly atypical case.

"A district court is presumed to be aware of the scope of its ability to depart downward." United States v. Walker, 191 F.3d 326, 338 (2d Cir.), cert. denied, 529 U.S. 1080 (2000). Here, Riza brought our prior decisions in Woods and Ross to the district court's attention. In this context, when the court observed that it agreed with Riza's position as to the intent of Congress but was "required" by Eighth Circuit precedent to deny a downward departure, it obviously meant that a departure based solely on the disparity between the money laundering and embezzlement guidelines would be reversed as an abuse of discretion, as in Ross. We decline to interpret these cryptic remarks as completely misconstruing the departure authority reflected in our

decision in <u>Woods</u> and in our remand in <u>Ross</u>.[2]  Accordingly, the district court's decision to deny Riza a downward departure is unreviewable on appeal.

Riza further argues that the district court erred in refusing to group the money laundering and embezzlement offenses under U.S.S.G. § 3D1.2(b).  This argument is foreclosed by our prior decisions in <u>United States v. Green</u>, 225 F.3d 955 (8th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 884, <u>and cert. denied</u>, 121 S. Ct 893 (2001), and <u>United States v. O'Kane</u>, 155 F.3d 969, 972 (8th Cir. 1998).  Only the court en banc may overrule these prior panel opinions.  <u>See</u> <u>Brown v. First National Bank in Lenox</u>, 844 F.2d 580 (8th Cir.), <u>cert. dismissed</u>, 487 U.S. 1260, 1261 (1988).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We note there was ample basis in the sentencing record for the district court to distinguish this case from <u>Woods</u>.  This is by no means a simple receipt and deposit case.  While repeatedly stealing funds from his employer, Riza opened an account at TCF bank in an assumed name, deposited the stolen checks into the TCF account, withdrew the funds with TCF cashier's checks, and then deposited the funds in a Norwest Bank account belonging to his fiancé's business. Moreover, Riza committed the offense while on supervised release from an Illinois conviction for stealing money from a social service agency serving mentally ill and disabled adults and children.