# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2899

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Christopher Todd Casey, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 12, 2002

Filed: February 20, 2002

_____

Before McMILLIAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

Christopher Todd Casey, a clerk at Nutrition City, was convicted of selling a controlled substance analogue, gamma-butyrolactone (GBL), in violation of 21 U.S.C. §§ 841(a)(1), 813, 802(32) (1994), and was attributed with the sale of 1,4-butanediol under relevant conduct at sentencing. GBL is a central nervous system depressant analogous to the controlled substance gamma-hydroxybutyric acid (GHB). GHB is known for use as a date-rape drug. In the recent past, GBL was sold legally in health stores under the trade names BLAST and Revivarant. Casey sold the substances out of the store room, not the main floor, pocketed the proceeds, and did not offer the buyer a receipt. At sentencing, Casey moved for a downward departure

under U.S. Sentencing Guidelines Manual § 5K2.0, arguing he did not know it was illegal to sell GBL and 1,4-butanediol. In the alternative, Casey argued the quantity was incorrectly calculated. The district court,[*] aware of its authority to depart, declined to depart downward, adopted the presentence investigation report's (PSR) quantity calculation, and sentenced Casey to forty-six months imprisonment. Casey now appeals his sentence.

The law clearly holds that a district court's decision not to depart downward is unreviewable on appeal where the district court is aware of its authority not to depart and does not do so. United States v. Riza, 267 F.3d 757, 758 (8th Cir. 2001). Because it is undisputed that the district court was aware of the ability to depart, and exercised its discretion not to, we do not review Casey's § 5K2.0 challenge. We reject Casey's second argument that district court incorrectly calculated drug quantity. See United States v. Maggard, 156 F.3d 843, 848 (8th Cir. 1998) (standard of review is clear error). The drug quantity was correctly calculated as the Sentencing Guidelines instruct, converting 0.5 grams of the liquid depressant to one unit. U.S.S.G. § 2D1.1 n. (F). Besides, Casey's argument is undermined by the labeling instructions he provided in the appendix to his appellate brief. Casey argues one ounce should equal one unit, rather than 0.5 grams equaling one unit, because one ounce is the recommended dose of GBL. The labeling instructions, however, show that quantities less than one ounce are also recommended doses; one ounce is the recommended dose for sleep, one-half ounce is the recommended dose for daytime use, and a "smaller serving" is the recommended dose for relaxation and mental alertness.

We affirm Casey's sentence. See 8th Cir. R. 47B.

---

[*]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.