# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3313

_____

United States of America,

    Appellee,

    v.

John Swain,

    Appellant.

    *
    *
    *  Appeal from the United States
    *  District Court for the District
    *  of North Dakota.
    *
    *   [UNPUBLISHED]
    *
    *

_____

Submitted: June 11, 2002

Filed: June 20, 2002

_____

Before BOWMAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

John Swain was convicted of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6), 1153 (2000) despite his presentation of an alibi defense at trial. The district court[*] found Swain was a career offender and sentenced him to 100 months imprisonment. Swain appeals his conviction and sentence. Having carefully reviewed the record, we affirm.

_____

[*]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

Swain contends the evidence is insufficient to support his conviction. Having reviewed the evidence in the light most favorable to the verdict, giving the Government the benefit of all reasonable inferences, we disagree. United States v. Maynie, 257 F.3d 908, 916 (8th Cir. 2001), cert. denied, 122 S. Ct. 1117, and cert. denied, 122 S. Ct. 1333 (2002). Swain claimed he could not have committed the assault because he was either at work, with his girlfriend, or traveling between the two locations. The record, however, shows there was enough time for Swain to travel to the site of the assault after completing his shift at work. Swain's girlfriend testified that Swain was with her during the time of the assault, but she has since pleaded guilty to perjury in connection with this testimony. Three witnesses identified Swain as the assailant. Two of these witnesses knew Swain from earlier encounters. Despite Swain's claims of witness bias, the jury found these witnesses believable. We see no reason to doubt the jury's credibility determinations and conclude there is ample evidence for a jury to find Swain guilty beyond a reasonable doubt. United States v. Rayl, 270 F.3d 709, 713 (8th Cir. 2001).

Swain also contends the district court abused its discretion by refusing to depart downward from the guidelines range. A district court's decision not to depart downward is unreviewable so long as the court was aware of its authority to depart. United States v. Riza, 267 F.3d 757, 758 (8th Cir. 2001). The district court is presumed to be aware of its authority to depart downward and our review of the record shows nothing to the contrary. Id. at 759. Contrary to Swain's view, the district court's comment on the irony of an earlier misdemeanor drug conviction resulting in a substantial increase in the applicable guidelines range does not indicate an unawareness of the court's ability to depart. We thus cannot review the district court's refusal to depart from the applicable guidelines range.

We affirm Swain's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.