# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-1768

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Herson Castaneda, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: October 11, 2002
Filed: October 28, 2002

———————

Before LOKEN, BYE, and RILEY, Circuit Judges.

———————

PER CURIAM.

Herson Castaneda (Castaneda) pled guilty to aiding and abetting the fraudulent misuse of identification documents, in violation of 18 U.S.C. §§ 1546(a) and 2. The district court[1] granted, in part, Castaneda's motion for a downward departure, reducing his total offense level by 2 levels and arriving at a Guidelines imprisonment range of 18-24 months. The court then sentenced him to 18 months imprisonment and 3 years supervised release. Castaneda appeals, arguing his sentence is excessive.

———————

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

Castaneda's challenge to the extent of the downward departure is unreviewable, see United States v. Puckett, 147 F.3d 765, 772 (8th Cir. 1998), as is the district court's refusal to depart on the proffered ground that the case was outside the heartland of cases, see United States v. Riza, 267 F.3d 757, 758-59 (8th Cir. 2001) (district court's decision not to depart downward is unreviewable so long as court was aware of its authority to depart; court is presumed to be aware of scope of ability to depart downward). Castaneda does not otherwise argue his sentence was imposed in violation of law; and the sentence fell within the applicable Guidelines range, which did not span more than 24 months. See United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam).

Accordingly, the appeal is dismissed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.