# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4260

_____

United States of America,                     *
                                              *
            Plaintiff-Appellee,               *
                                              *        Appeal from the United States
    v.                                        *        District Court for the Eastern
                                              *        District of Missouri.
Juan Diego Cazares-Gonzales,                  *
                                              *              [UNPUBLISHED]
            Defendant-Appellant.              *

_____

Submitted: May 17, 2006
Filed: May 22, 2006

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Juan Diego Cazares-Gonzales pled guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(a). The district court[1] sentenced him to 46 months imprisonment and 24 months of supervised release. Cazares-Gonzales appeals his sentence, arguing that the district court erroneously treated the guidelines as mandatory and that it imposed an unreasonable sentence. We affirm.

_____

[1] The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Cazares-Gonzales was born in Guadalajara, Mexico in 1981. He was brought into the United States when he was an infant and was granted lawful permanent resident status in 1991. In January 2002 he was convicted in Riverside California of inflicting corporal injury upon a spouse and was deported to Mexico in November 2003. In April 2005 he was found in St. Charles, Missouri and charged with reentering the United States unlawfully in violation of 8 U.S.C. § 1326(a).

He pled guilty in July 2005. The district court determined that the defendant had a base offense level of eight points. It then added sixteen points for his prior conviction for a crime of violence and subtracted three points for his acceptance of responsibility, yielding a total offense level of 21. The court found Cazares-Gonzales had a criminal history category of III based on his January 2002 conviction. With an offense level of twenty one points and a criminal history category III, the defendant had a guideline sentencing range of 46 to 57 months. He argued that a guideline sentence would result in unwarranted disparity in sentencing compared to the fast track program in other jurisdictions and that the sentencing range calculated by the court resulted from "double counting" his prior conviction for both his criminal history and his base level offense, resulting in an unreasonable sentence under 18 U.S.C. § 3553(a). Cazares-Gonzales requested a downward departure based on his cultural assimilation, but the district court denied his request and sentenced him to 46 months at the bottom of the guideline range.

Cazares-Gonzales complains that the district court erred by treating the guidelines as mandatory under the mistaken belief that it could not depart downward based on his cultural assimilation. The district court has the discretion to depart downward from the advisory guideline range, USSG § 5K2.0, and we will not reverse its discretionary denial of a motion to depart downward where we determine that the district court was aware that it had the authority to depart but declined to do so. United States v. Vasquez, 433 F.3d 666, 670 (8th Cir. 2006); United States v. Andreano, 417 F.3d 967, 970 (8th Cir. 2005); United States v. Riza, 267 F.3d 757, 758 (8th Cir.

2001). We presume that the district court is aware of its authority, <u>Riza</u>, 267 F.3d at 759, and have inferred awareness where defense counsel was allowed to argue for a departure from the guideline range. <u>United States v. Sypolt</u>, 346 F.3d 838, 841 (8th Cir. 2003). In this case the district court received a sentencing memorandum from the defendant which requested a downward departure based on cultural assimilation, reviewed it prior to the sentencing hearing, and heard further arguments at the hearing. In addition after hearing defense counsel's argument, the court inquired of the government whether it thought a guideline sentence should be imposed "as opposed to something less." After reviewing the sentencing hearing transcript, we conclude that the district court was aware of its authority to grant a downward departure and its refusal to grant the requested departure was not an abuse of its discretion.

Cazares-Gonzales contends that the district court did not recognize its authority to consider the § 3553(a) factors and effectively treated the guidelines as mandatory, resulting in an unreasonable sentence. At sentencing, the district court noted that it was aware of the Supreme Court decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), holding the guidelines to be advisory. The district court followed <u>Booker</u>, noted that the guidelines are advisory, and demonstrated its consideration of a sentence below the advisory guideline range by asking counsel whether it should impose "something less" than a guideline sentence. The defendant's sentencing memorandum argued for a lesser sentence based on the § 3553(a) factors, and Cazares-Gonzales acknowledges that the court reviewed his memorandum. We conclude from the record that the court did not treat the guidelines as mandatory, that it properly considered the § 3553(a) factors in fashioning a reasonable sentence, and that there was no improper "double counting.".

Accordingly, the judgment of the district court is affirmed.

_____

-3-