# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1673

_____

United States of America,                 *
                                           *
            Appellee,                      *
                                           *   Appeal from the United States
    v.                                     *   District Court for the Western
                                           *   District of Missouri.
Jesus Valle,                               *
                                           *        [UNPUBLISHED]
            Appellant.                     *

_____

Submitted: March 14, 2011
Filed: April 7, 2011

_____

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jesus Valle appeals from his conviction for being a felon in possession of ammunition, *see* 18 U.S.C. § 922(g)(1). His sole contention on appeal is that the district court[1] erred in holding that his California conviction for burglary in the second degree was for a crime of violence within the meaning of U.S.S.G. § 4B1.2 and enhancing his sentence on that basis. As relevant here, the guideline defines a crime of violence as an offense that "is burglary of a dwelling ... or otherwise involves

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

Mr. Valle maintains that because he burgled an elevator control room, not a dwelling, his offense did not qualify for the sentencing enhancement, and he cites *Begay v. United States*, 553 U.S. 137 (2008), in support of his argument. But we held in *United States v. Stymiest*, 581 F.3d 759 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 2364 (2010), that this very argument was unavailing. We explained that we had consistently held that any generic burglary (the unauthorized entry of a structure for the purpose of committing a crime) involved serious potential risk of harm to another and therefore satisfied the "otherwise" clause of the guideline, and that *Begay* had not overruled those precedents. *Id.* at 767-69; *see* U.S.S.G. 4B1.2(a)(2). Mr. Valle maintains that *Stymiest* and related cases are in error and should be overruled. But a panel of our court is not free to overrule a case decided by another panel; only the *en banc* court can do that. *See United States v. Riza*, 267 F.3d 757, 760 (8th Cir. 2001). So we are obliged to reject Mr. Valle's argument.

Affirmed.

_____