55,687-05

Milton Veran Williams #399375 (ODOC)
Jim E. Hamilton Correctional Center
Unit #1B - Cell #36B - Box #395
53468 Mineral Springs Road
Hodgen, Okla. 74939

03/09/15

MOTION DENIED
DATE: 3-26-15
BY: PC

RE:   Writ of Mandamus filed on February 17, 2015 under
      Case No. WR-55, 687-05, Motion to Incorporate
      Exhibits Into Previously Filed Request To Take
      Judicial Notice.

Mr. Abel Acosta, Court Clerk,

    Sir, enclosed you will find the above stated pleading.
The said pleading has (11) eleven pages of attached exhibits.
At attached exhibits #2(a)(b) and #3 are my only copy
of the original documents. The law library supervisor (David Tamplin)
at the facility where I'm currently incarcerated refuse
to make me legal copies due to my static of being
indigent. without funds on my immate draw account.
    Could you please make copies of the (3) three said
pages of the said exhibits and return the original copies
back to me for my records in the instance that I have
to farther appeal this said matter? If I need to pay
a small fee for the said copies I maybe able to get
the fee deducted from my inmate trust fund savings
account. Thank you in advance.

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 13 2015
Abel Acosta, Clerk

Sincerely Submitted,
/s/ Milton V. Will #399375 (ODOC)

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

MILTON VERAN WILLIAMS,                    )
                                          )
          Petitioner,                     )
                                          )
v.                                        )      Case No. WR-55, 687-05
                                          )      Dallas County District Court
Dallas County District Court             )      No. 5, Case No. W9573890-(A)
No. 5 Court Clerk (Fitzsimmons),         )
Judge Manny Alverza, et al.,             )
          Respondant(s)                   )

MOTION TO INCORPORATE EXHIBITS INTO PREVIOUSLY
FILED REQUEST TO TAKE JUDICIAL NOTICE

   COMES NOW, Petitioner (Milton V. Williams) (pro se), files the
foregoing Motion to Incorporate Exhibits Into Previously Filed
Request to Take Judicial Notice.


ARGUMENT

   Attached Exhibit #L, the February 07, 2003 Order Designating
Issues stated that "Having reviewed the Applicant's Application
for Writ of Habeas Corpus, the Court finds that there are con-
troverted, previously unresolved issues of fact which are
material to the legality of the Applicant's confinement..."
   The said unresolved issues previous not concluded that were
material to the legality of petitioner's confinement was that
on July 24, 1995 at the Dallas County District Court No. 5's
guilty plea hearing under Case No. F9573890-NL, (State of
Texas v. Milton Veran Williams), Judge Manny Alverza stated, "It
further appearing to the court that the best interest of the

Page   1   of   2

public and the defendant will be served by the suspension of the imposition of sentence herein; . . . " (See attached Exh. #2(a)). at Volume 339 Page 123 at bottom of page)).

Albeit, former Dallas County District Court No. 5's court clerk (Jim Hamlin) used a uniform judgment and sentence form and inadvertently recorded that the date sentence was imposed under said Case No F-9573890-NL was on July 24, 1995, (See attached Exh. #3(a)), but said notation contradicts the guilty plea hearing transcripts on July 24, 1995, Mr. Hamlin made a 'clerical' error on said judgment. (Compare to attached Exh. #2(a)).

In the year of July 16, 2012, the Dallas County District Court No. 5 District Attorney (Craig Watkins) recognized the miscarriage of justice that was made in petitioner's said cause and on his own initiative forwarded petitioner's records under Case No. F9573890-NL to the Oklahoma Innocence Project. (See attached Exh. #4).

Wherefore, premises considered, petitioner files the foregoing and prays the court address and resolves the matter. (See, e.g., attached Exh. #5(d)).

Respectfully Submitted,
/S/ *Milton V. Williams* #399375 (ODOC)
Milton Veran Williams #399375
Jim E. Hamilton Correctional Center
53468 Mineral Springs Road
Hodgen, Okla. 74939

<u>CERTIFICATE OF MAILING</u>

I, hereby certify, that on the ____ day of March, 2015, a certified copy of the foregoing was mailed to:

COURT OF CRIMINAL APPEALS          P. O. BOX 12308, CAPITOL STATION
STATE OF TEXAS                           AUSTIN, TX 78711

Page   2   of   3          *Milton V. Williams*  #399375 (ODOC)
                                              (Affiant)



WRIT NO. W 95738907(A)

| | | |
|---|---|---|
| EX PARTE | § | IN THE CRIMINAL |
| *Milton Williams* | § | DISTRICT COURT NO. 5 OF |
| | § | DALLAS COUNTY, TEXAS |

## ORDER DESIGNATING ISSUES

Having reviewed the Applicant's Application for Writ of Habeas Corpus, the Court finds that there are controverted, previously unresolved issues of fact which are material to the legality of the Applicant's confinement.

The Court appoints FRED C. MCDANIEL to resolve the issues and prepare findings of fact and conclusions of law for the Court. The issues may be resolved by affidavits, depositions, interrogations, hearings and/or personal recollection.

The Clerk of the Court is ORDERED to send a copy of this order to the Court of Criminal Appeals, Applicant, or Applicant's counsel if the Applicant is represented by counsel, and to counsel for the State.

SIGNED AND ENTERED this 7 day of July, 2001.

_____
JUDGE

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Jim Hamlin, District Clerk of Dallas County, Texas, do hereby certify at the foregoing is a true and correct copy as the same appears on record now on file in my office.

Witness my official hand and seal of office, this ___2/11/03___.

_____ CLERK
M. Hardee

EXHIBIT #2(a)   NO F-9573890-NL

NAMED ATTORNEYS AND ANNOUNCED READY FOR TRIAL. DEFENDANT APPEARED IN PERSON IN OPEN COURT. WHERE DEFENDANT WAS NOT REPRESENTED BY COUNSEL, DEFENDANT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED THE RIGHT TO REPRESENTATION BY COUNSEL. DEFENDANT IN PERSON AND IN WRITING IN OPEN COURT WAIVED HIS RIGHT OF TRIAL BY JURY WITH THE CONSENT AND APPROVAL OF HIS ATTORNEY, THE ATTORNEY FOR THE STATE, AND THE COURT. WHERE SHOWN ABOVE THAT THE CHARGING INSTRUMENT WAS BY INFORMATION INSTEAD OF INDICTMENT, THE DEFENDANT DID, WITH THE CONSENT AND APPROVAL OF HIS ATTORNEY WAIVE HIS RIGHT TO PROSECUTION BY INDICTMENT AND AGREE TO BE TRIED ON AN INFORMATION. ALL SUCH WAIVERS, AGREEMENTS AND CONSENTS WERE IN WRITING AND FILED IN THE PAPERS OF THIS CAUSE PRIOR TO THE DEFENDANT ENTERING HIS PLEA HEREIN. THE DEFENDANT WAS DULY ARRAIGNED AND IN OPEN COURT ENTERED THE ABOVE PLEA TO THE CHARGE CONTAINED IN THE CHARGING INSTRUMENT. DEFENDANT WAS ADMONISHED BY THE COURT OF THE CONSEQUENCES OF SAID PLEA AND DEFENDANT PERSISTED IN ENTERING SAID PLEA, AND IT PLAINLY APPEARING TO THE COURT THAT DEFENDANT IS MENTALLY COMPETENT AND SAID PLEA IS FREE AND VOLUNTARY THE SAID PLEA WAS ACCEPTED BY THE COURT AND IS NOW ENTERED OF RECORD AS THE PLEA HEREIN OF DEFENDANT. DEFENDANT IN OPEN COURT, IN WRITING, HAVING WAIVED THE READING OF THE CHARGING INSTRUMENT, THE APPEARANCE, CONFRONTATION, AND CROSS-EXAMINATION OF WITNESSES, AND AGREED THAT THE EVIDENCE MAY BE BY STIPULATION, CONSENTED TO THE INTRODUCTION OF TESTIMONY ORALLY, BY JUDICIAL CONFESSION, BY AFFIDAVITS, WRITTEN STATEMENTS OF WITNESSES, AND ANY OTHER DOCUMENTARY EVIDENCE. SUCH WAIVER AND CONSENT HAVING BEEN APPROVED BY THE COURT IN WRITING AND FILED IN THE PAPERS OF THE CAUSE. THE COURT HAVING HEARD DEFENDANT'S WAIVER OF THE READING OF THE CHARGING INSTRUMENT, DEFENDANT'S PLEA THERETO, THE EVIDENCE SUBMITTED AND THE ARGUMENT OF COUNSEL, IS OF THE OPINION FROM THE EVIDENCE SUBMITTED THAT DEFENDANT IS GUILTY OF THE OFFENSE AS SHOWN ABOVE AND THAT THE OFFENSE WAS COMMITTED BY SAID DEFENDANT ON THE DATE SET FORTH ABOVE. THE COURT FURTHER MAKES ITS FINDINGS AS TO DEADLY WEAPON, FAMILY VIOLENCE, BIAS OR PREJUDICE, AND RESTITUTION OR REPARATION AS SET FORTH ABOVE.

AND WHEN SHOWN ABOVE THAT THE CHARGING INSTRUMENT CONTAINS ENHANCE-MENT PARAGRAPH(S), WHICH WERE NOT WAIVED OR DISMISSED, THE COURT, AFTER HEARING THE DEFENDANT'S PLEA TO SAID PARAGRAPH(S) AS SET OUT ABOVE AND AFTER HEARING FURTHER EVIDENCE ON THE ISSUE OF PUNISHMENT, MAKES ITS FINDING AS SET OUT ABOVE. IF TRUE, THE COURT IS OF THE OPINION AND FINDS DEFENDANT HAS BEEN HERETOFORE CONVICTED OF SAID OFFENSES(S) ALLEGED IN THE SAID ENHANCEMENT PARAGRAPH(S) AS MAY BE SHOWN ABOVE.

AND WHEN SHOWN ABOVE THAT THERE WAS A PLEA BARGAIN AGREEMENT, THE DEFENDANT WAS INFORMED AS TO WHETHER THE COURT WOULD FOLLOW OR REJECT SUCH AGREEMENT AND IF THE COURT REJECTED SUCH AGREEMENT THE DEFENDANT WAS GIVEN AN OPPORTUNITY TO WITHDRAW HIS PLEA PRIOR TO ANY FINDING ON THE PLEA.

WHEN IT IS SHOWN ABOVE THAT RESTITUTION HAS BEEN ORDERED, BUT THE COURT DETERMINES THAT THE INCLUSION OF THE VICTIM'S NAME AND ADDRESS IN THE JUDGMENT IS NOT IN THE BEST INTEREST OF THE VICTIM, THE PERSON OR AGENCY WHOSE NAME AND ADDRESS IS SET OUT IN THIS JUDGMENT WILL ACCEPT AND FORWARD THE RESTITUTION PAYMENTS TO THE VICTIM.

AND WHEN IT IS SHOWN BELOW THAT PAYMENT OF THE COSTS OF LEGAL SERVICES PROVIDED TO THE DEFENDANT IN THIS CAUSE HAS BEEN ORDERED, THE COURT FINDS THAT THE DEFENDANT HAS THE FINANCIAL RESOURCES TO ENABLE THE DEFENDANT TO OFFSET SAID COSTS IN THE AMOUNT ORDERED.

THEREUPON THE SAID DEFENDANT WAS ASKED BY THE COURT WHETHER HE HAD ANYTHING TO SAY WHY SAID SENTENCE SHOULD NOT BE PRONOUNCED AGAINST HIM, AND HE ANSWERED NOTHING IN BAR THEREOF, AND IT APPEARING TO THE COURT THAT THE DEFENDANT IS MENTALLY COMPETENT AND UNDERSTANDING OF THE PROCEEDINGS, THE COURT PROCEEDED IN THE PRESENCE OF THE DEFENDANT AND HIS ATTORNEY TO PRONOUNCE SENTENCE AGAINST THE DEFENDANT.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT THAT SAID JUDGMENT AS SET FORTH ABOVE, IS HEREBY IN ALL THINGS APPROVED AND CONFIRMED, AND THAT SAID DEFENDANT BE ADJUDGED GUILTY OF THE OFFENSE AS SHOWN ABOVE, AND THAT SAID DEFENDANT IS SENTENCED TO A TERM OF IMPRISONMENT OR FINE OR BOTH, AS SET FORTH ABOVE, AND SHALL BE CONFINED FOR THE ABOVE NAMED TERM IN ACCORDANCE WITH THE PROVISIONS OF LAW GOVERNING SUCH PUNISHMENTS. IT IS FURTHER ORDERED THAT THE DEFENDANT PAY THE FINE, UNLESS PAYMENT OF THE FINE HAS BEEN PROBATED, AS SHOWN ABOVE, COURT COSTS, COSTS AND EXPENSES OF LEGAL SERVICES PROVIDED BY THE COURT APPOINTED ATTORNEY IN THIS CAUSE, IF ANY, AND RESTITUTION OR REPARATION AS SET FORTH HEREIN.

IT FURTHER APPEARING TO THE COURT THAT THE BEST INTEREST OF THE PUBLIC AND THE DEFENDANT WILL BE SERVED BY THE SUSPENSION OF THE IMPOSITION OF SENTENCE HEREIN;

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Jim Hamlin, District Clerk of
Dallas County, Texas, do hereby certify
that the foregoing is a true and correct
copy as the same appears on record now
on file in my office.

Witness my official hand and seal of
office, this _____

JIM HAMLIN, DISTRICT CLERK
Dallas County, Texas

By _____ Betty King

EXHIBIT #2(b)    NO F-9573890-NL

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED BY THE COURT THAT THE IMPOSITION OF SENTENCE HEREIN IS HEREBY SUSPENDED FOR A PERIOD OF TIME AS SHOWN ABOVE. THE FINE IMPOSED, IF ANY, IS TO BE PAID OR PROBATED AS SHOWN ABOVE. THE DEFENDANT IS HEREBY PLACED ON COMMUNITY SUPERVISION FOR A PERIOD OF TIME AS SHOWN ABOVE SUBJECT TO THE TERMS AND CONDITIONS OF COMMUNITY SUPERVISION THIS DATE IMPOSED BY LAW AND BY THE COURT AND SERVED UPON THE DEFENDANT.

CONDITIONS OF COMMUNITY SUPERVISION ARE ATTACHED HERETO AND ARE INCORPORATED FOR ALL PURPOSES AS A PART OF THIS JUDGMENT.

FOLLOWING THE DISPOSITION OF THIS CAUSE THE DEFENDANT'S FINGERPRINT WAS, IN OPEN COURT, PLACED UPON A CERTIFICATE OF FINGERPRINT. SAID CERTIFICATE IS ATTACHED HERETO AND IS INCORPORATED BY REFERENCE AS A PART OF THIS JUDGMENT.

A PRESENTENCE INVESTIGATION WAS CONDUCTED IN ACCORDANCE WITH THE APPLICABLE PROVISIONS OF LAW.

COURT COSTS IN THE AMOUNT OF $124.50

_Marcy. Alway_

JUDGE PRESIDING



S T A T E   J A I L   EXHIBIT 3   PROBATION

NO.     F-9573890-NL

HE STATE OF TEXAS

IN THE CRIMINAL DISTRICT

S.

COURT 5                    OF

ILTON VERAN WILLIAMS

DALLAS COUNTY, TEXAS

JUDGMENT  -  COMMUNITY SUPERVISION
PLEA OF GUILTY OR NOLO CONTENDERE
JURY WAIVED

JULY       TERM, A.D., 1995

JDGE PRESIDING:  MANNY ALVAREZ

DATE OF JUDGMENT: 07/24/95

TTORNEY
OR STATE:  MALCOM HARDEN

ATTORNEY
FOR DEFENDANT: SCALA BYERS

FFENSE
ONVICTED OF:     THEFT OF PROPERTY OF THE VALUE OF $1,500 OR MORE BUT
                 LESS THAN       $20,000

DEGREE:  STATE JAIL

DATE OFFENSE COMMITTED:   04/07/95

HARGING
NSTRUMENT: INDICTMENT

PLEA: GUILTY

ERMS OF PLEA BARGAIN
IN DETAIL):     1 YEAR STATE JAIL PROBATED 3 YEARS, FINE $300

LEA TO ENHANCEMENT
RAGRAPH(S):   N/A

FINDINGS ON
ENHANCEMENT: N/A

NDINGS ON
EADLY WEAPON,           NO FINDING
IAS OR PREJUDICE,
ND/OR
AMILY VIOLENCE:

TE SENTENCE
IPOSED:          07/24/95

COSTS: YES

NISHMENT AND
ACE OF        1 YEARS
NFINEMENT: CONFINEMENT  IN  THE  STATE  JAIL  DIVISION
            OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE
            AND A FINE OF $300.00

RIOD OF SUPERVISION:   3 YEARS

DATE TO COMMENCE:  07/24/95

NE PROBATED:  NO

RESTITUTION/REPARATION: NO

NCURRENT UNLESS OTHERWISE SPECIFIED.

ON THIS DAY, SET FORTH ABOVE THE ABOVE STYLED  AND  NUMBERED CAUSE  CAME
TRIAL. THE STATE OF TEXAS AND DEFENDANT APPEARED BY AND THROUGH  THE  ABOVE

VOL. 339  PAGE 122

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Jim Hamlin, District Clerk of
Dallas County, Texas, do hereby certify
that the foregoing is a true and correct
copy as the same appears on record now
in this my office.

Witness my official seal and seal of
office, this _____

JIM HAMLIN, DISTRICT CLERK
Dallas County, Texas

By _____
        Deputy

EXHIBIT #14

# OKLAHOMA INNOCENCE PROJECT
Oklahoma City University School of Law

*ATTORNEY-CLIENT PRIVILEGE*

May 27, 2014

Milton Williams, #399375
Oklahoma State Penitentiary
P.O. Box 97
McAlester, OK 74502

Mr. Williams:

We have received your correspondence postmarked July 16, 2012, forwarded from the office of Craig Watkins, Criminal District Attorney of Dallas County, Texas. This letter is to inform you that we cannot assist you with your legal matter. We receive numerous requests for assistance and unfortunately are not able to help everyone. Under our guidelines, the Oklahoma Innocence Project serves the state of Oklahoma for investigating and litigating claims of actual innocence.

Therefore, we are prohibited from providing materials or giving legal advice. For your convenience, we have included some generalized information related to our case acceptance criteria.

This does not mean that we believe you to be guilty. It simply means that we do not have the resources to provide the assistance you are requesting. We wish you the best in your endeavor for justice.

Sincerely,

Tiffany R. Murphy
Director
Oklahoma Innocence Project

TRM:jam

ENCLOSURE

APPENDIX 'E'

Westlaw.

Date of Printing: Aug 04, 2009

## KEYCITE

U.S. v. Stallings, 301 F.3d 919 (8th Cir.(Neb.) Aug 23, 2002) (NO. 01-3800)
Citing References: limited to Tenth Circuit Ct. App., New Mexico, Other Court, selected document types

Positive Cases (U.S.A.)

★★ Cited

C   1 U.S. v. Sierra-Estrada, 248 F.d.Appx. 973, 987 (10th Cir.(Utah) Oct 01, 2007) (Table, text in WESTLAW, NO. 05-4086, 05-4117) " HN: 3 (F.3d)

H   2 U.S. v. Alvarado, 458 F.Supp.2d 1266, 1268+ (D.N.M. Jul 20, 2006) (NO. CR 05 377 BB) HN: 3 (F.3d)

© 2009 Thomson Reuters. All rights reserved.

Westlaw.

301 F.3d 919                                                    Page 1
301 F.3d 919
(Cite as: 301 F.3d 919)

▷

United States Court of Appeals,
Eighth Circuit.
UNITED STATES of America, Appellee,
v.
Pablo STALLINGS, Appellant.
No. 01-3800.

Submitted: May 13, 2002.
Filed: Aug. 23, 2002.

Defendant was convicted in the United States District Court for the District of Nebraska, Lyle E. Strom, J., of conspiracy to possess with intent to distribute cocaine base. Defendant appealed. The Court of Appeals, Melloy, Circuit Judge, held that: (1) defendant received timely notice of government's intent to seek sentencing enhancement based upon defendant's prior convictions; (2) prior felony drug conviction could not be used to enhance defendant's sentence; and (3) evidence was sufficient to support conviction.

Affirmed in part, reversed in part, and remanded for resentencing.

West Headnotes

**[1] Sentencing and Punishment 350H ☞1366**

350H Sentencing and Punishment
    350HVI Habitual and Career Offenders
        350HVI(K) Proceedings
            350Hk1363 Recidivist or Habitual Offender Charge
                350Hk1366 k. Time for Filing or Instituting Proceedings. Most Cited Cases
To satisfy the procedural and notice requirements of filing an information for purpose of sentencing enhancement based upon defendant's prior convictions, the government must file its information before jury selection begins, thus allowing the defend-

ant ample time to go to trial, and to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 411(a)(1), 21 U.S.C.A. § 851(a)(1).

**[2] Sentencing and Punishment 350H ☞1361**

350H Sentencing and Punishment
    350HVI Habitual and Career Offenders
        350HVI(K) Proceedings
            350Hk1361 k. Notice of Intent to Seek Enhancement. Most Cited Cases
Defendant received timely notice of government's intent to seek sentencing enhancement based upon defendant's prior convictions, pursuant to notice and procedural requirements of statute allowing such enhancement, in prosecution for conspiracy to possess with intent to distribute cocaine base, where government filed its notice a few days prior to the commencement of defendant's trial. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 411(a)(1), 21 U.S.C.A. § 851(a)(1).

**[3] Sentencing and Punishment 350H ☞1330**

350H Sentencing and Punishment
    350HVI Habitual and Career Offenders
        350HVI(I) Subsequent Circumstances Affecting Prior Adjudication
            350Hk1330 k. In General. Most Cited

**Sentencing and Punishment 350H ☞1338**

350H Sentencing and Punishment
    350HVI Habitual and Career Offenders
        350HVI(I) Subsequent Circumstances Affecting Prior Adjudication
            350Hk1338 k. Matters Related to Sentence. Most Cited Cases
Prior felony drug conviction could not be used to enhance defendant's sentence for conspiracy to pos-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

301 F.3d 919
301 F.3d 919
(Cite as: 301 F.3d 919)

sess with intent to distribute cocaine base, where prior conviction was never properly entered against defendant; although defendant entered plea of nolo contendere in California state court to prior offense, sentencing documents showed that he was sentenced to probation, but imposition of sentence was suspended, and his probation was not revoked, precluding entry of judgment against defendant under California law. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 411(a)(1), 21 U.S.C.A. § 851(a)(1); West's Ann.Cal.Penal Code § 1203.2.

**[4] Sentencing and Punishment 350H ☞480**

350H Sentencing and Punishment
    350HII Sentencing Proceedings in General
        350HII(J) Stay of Execution of Sentence
            350Hk480 k. Effect. Most Cited Cases

**Sentencing and Punishment 350H ☞1931**

350H Sentencing and Punishment
    350HIX Probation and Related Dispositions
        350HIX(F) Disposition of Offender
            350Hk1931 k. Probation Without Sentence. Most Cited Cases
Under California law, when a sentencing court grants probation after a conviction, it may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order its execution to be stayed, in which case a judgment of conviction is rendered. West's Ann.Cal.Penal Code § 1203.2.

**[5] Criminal Law 110 ☞1144.13(3)**

110 Criminal Law
    110XXIV Review
        110XXIV(M) Presumptions
            110k1144 Facts or Proceedings Not Shown by Record
                110k1144.13 Sufficiency of Evidence
                    110k1144.13(2) Construction of Evidence

                    110k1144.13(3) k. Construction in Favor of Government, State, or Prosecution. Most Cited Cases

**Criminal Law 110 ☞1144.13(5)**

110 Criminal Law
    110XXIV Review
        110XXIV(M) Presumptions
            110k1144 Facts or Proceedings Not Shown by Record
                110k1144.13 Sufficiency of Evidence
                  110k1144.13(5) k. Inferences or Deductions from Evidence. Most Cited Cases
The Court of Appeals reviews sufficiency of the evidence challenges in the light most favorable to the verdict, giving the government the benefit of all reasonable inferences.

**[6] Conspiracy 91 ☞47(12)**

91 Conspiracy
    91II Criminal Responsibility
        91II(B) Prosecution
            91k44 Evidence
                91k47 Weight and Sufficiency
                  91k47(3) Particular Conspiracies
                    91k47(12) k. Narcotics and Dangerous Drugs. Most Cited Cases
Evidence was sufficient to support defendant's conviction for conspiracy to possess with intent to distribute cocaine base; witnesses testified that defendant shipped cocaine through the mail and arranged for others to deliver cocaine base on his behalf, wiretap evidence linked defendant with admitted drug distributors, and physical evidence admitted included scales, razors, and large amount of cash seized from storage locker rented to defendant. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 401(b), 21 U.S.C.A. § 841(b).

**[7] Courts 106 ☞90(2)**

106 Courts
    106II Establishment, Organization, and Proced-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

301 F.3d 919
301 F.3d 919
(Cite as: 301 F.3d 919)

Page 2

sess with intent to distribute cocaine base, where prior conviction was never properly entered against defendant; although defendant entered plea of nolo contendere in California state court to prior offense, sentencing documents showed that he was sentenced to probation, but imposition of sentence was suspended, and his probation was not revoked, precluding entry of judgment against defendant under California law. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 411(a)(1), 21 U.S.C.A. § 851(a)(1); West's Ann.Cal.Penal Code § 1203.2.

**[4] Sentencing and Punishment 350H ⊝480**

350H Sentencing and Punishment
   350HII Sentencing Proceedings in General
      350HII(J) Stay of Execution of Sentence
         350Hk480 k. Effect. Most Cited Cases

**Sentencing and Punishment 350H ⊝1931**

350H Sentencing and Punishment
   350HIX Probation and Related Dispositions
      350HIX(F) Disposition of Offender
         350Hk1931 k. Probation Without Sentence. Most Cited Cases
Under California law, when a sentencing court grants probation after a conviction, it may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order its execution to be stayed, in which case a judgment of conviction is rendered. West's Ann.Cal.Penal Code § 1203.2.

**[5] Criminal Law 110 ⊝1144.13(3)**

110 Criminal Law
   110XXIV Review
      110XXIV(M) Presumptions
         110k1144 Facts or Proceedings Not Shown by Record
            110k1144.13 Sufficiency of Evidence
               110k1144.13(2) Construction of Evidence

               110k1144.13(3) k. Construction in Favor of Government, State, or Prosecution. Most Cited Cases

**Criminal Law 110 ⊝1144.13(5)**

110 Criminal Law
   110XXIV Review
      110XXIV(M) Presumptions
         110k1144 Facts or Proceedings Not Shown by Record
            110k1144.13 Sufficiency of Evidence
               110k1144.13(5) k. Inferences or Deductions from Evidence. Most Cited Cases
The Court of Appeals reviews sufficiency of the evidence challenges in the light most favorable to the verdict, giving the government the benefit of all reasonable inferences.

**[6] Conspiracy 91 ⊝47(12)**

91 Conspiracy
   91II Criminal Responsibility
      91II(B) Prosecution
         91k44 Evidence
            91k47 Weight and Sufficiency
               91k47(3) Particular Conspiracies
                  91k47(12) k. Narcotics and Dangerous Drugs. Most Cited Cases
Evidence was sufficient to support defendant's conviction for conspiracy to possess with intent to distribute cocaine base; witnesses testified that defendant shipped cocaine through the mail and arranged for others to deliver cocaine base on his behalf, wiretap evidence linked defendant with admitted drug distributors, and physical evidence admitted included scales, razors, and large amount of cash seized from storage locker rented to defendant. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 401(b), 21 U.S.C.A. § 841(b).

**[7] Courts 106 ⊝90(2)**

106 Courts
   106II Establishment, Organization, and Proced-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

301 F.3d 919
301 F.3d 919
(Cite as: 301 F.3d 919)

ure

106II(G) Rules of Decision

106k88 Previous Decisions as Controlling or as Precedents

106k90 Decisions of Same Court or Co-Ordinate Court

106k90(2) k. Number of Judges Concurring in Opinion, and Opinion by Divided Court. Most Cited Cases

Only the Court of Appeals en banc can overrule an earlier panel decision.

*920 Michael T. Levy, argued, Omaha, NE, for appellant.

Maria R. Moran, argued, Omaha, NE, for appellee.

Before McMILLIAN, FAGG, and MELLOY, Circuit Judges.

MELLOY, Circuit Judge.

Pablo Stallings was convicted of conspiracy to possess with intent to distribute cocaine base. The government filed an information seeking to enhance Stallings's sentence to life imprisonment. The district court, relying upon the convictions set out in the notice, imposed the enhancement and sentenced Stallings to life imprisonment. Stallings now appeals his conviction and sentence. We affirm the conviction but reverse and remand the sentence imposed.

I.

[1][2] Stallings challenges his enhanced sentence contending the procedure and notice were defective and the two prior felony convictions were not proved beyond a reasonable doubt. "Because resolution of this claim requires us to interpret the statute, we review de novo the district court's use of the two prior convictions for enhancement purposes." *United States v. Johnston,* 220 F.3d 857, 860 (8th

Cir.2000). We first consider the procedural and notice challenges to the § 851(a) information. A prerequisite for sentence enhancement under 21 U.S.C. § 841(b) is a timely filed information detailing the prior convictions the government intends to rely upon for sentence enhancement. *See* 21 U.S.C. § 851(a)(1). To satisfy the procedural and notice requirements of the § 851(a) information, "the government must file its information before jury selection begins, thus allowing the defendant 'ample time [...] to go to trial, and to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict.' " *921 United States v. Robinson,* 110 F.3d 1320, 1327-28 (8th Cir.1997) (quoting *United States v. Johnson,* 944 F.2d 396, 407 (8th Cir.1991)). The government filed the § 851(a) information on Friday, July 13, 2001. Stallings's trial commenced on Tuesday, July 17, 2001. Stallings's procedural contentions are without merit. Stallings received timely notice of the government's intent to seek the § 851(a) enhancement before trial and had an opportunity to challenge the convictions before the sentence was imposed. 21 U.S.C. § 851(b), (c); *see also Robinson,* 110 F.3d at 1328 (filing of information minutes before voir dire satisfied requirements of § 851(a)(1)).

[3] Stallings contends the government failed to prove the two prior convictions beyond a reasonable doubt. The two predicate convictions offered by the government for enhancement purposes were a 1993 California conviction and a 1987 Nevada conviction. At sentencing, defense counsel entered a valid objection to the prior convictions on the basis of "identity, relevance, and foundation." Therefore, under 21 U.S.C. § 851(c)(1), the government had the burden to prove the two prior felony drug convictions beyond a reasonable doubt. Stallings does not challenge on appeal the use of the 1987 Nevada conviction. However, he raises a variety of challenges to the use of the 1993 California conviction. Based upon the record, we conclude judgment was never properly entered against

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

301 F.3d 919
301 F.3d 919
(Cite as: 301 F.3d 919)

Page 4

Stallings in connection with the California conviction, and, consequently, reliance on that conviction for purposes of 21 U.S.C. § 841(b)(1)(A)(viii) sentence enhancement was improper.[FN1]

> FN1. Stallings made a valid objection at sentencing to his California conviction. The grounds relied upon in this opinion to invalidate the sentence were raised through questioning by Judge McMillian at oral argument. The parties were then given the opportunity to file supplemental briefs on the issue of whether there was ever a judgment entered by the California courts. The court is now in receipt of the supplemental briefing on that issue.

At the sentencing hearing, the government introduced a number of exhibits in an attempt to prove up the California conviction. These exhibits show that the defendant was charged with felony possession for sale of cocaine base in violation of section 11351.5 of the Health and Safety Code of California. The defendant entered a plea of nolo contendere. He was sentenced to three years probation, subject to the serving of 78 days in the county jail, and ordered to pay restitution and court costs. The sentencing documents also show that "imposition of sentence was suspended." Subsequently, a revocation of probation proceeding was commenced in the Superior Court of California, County of Alameda. However, the record made at the sentencing hearing indicates no further action was taken on the California probation officer's revocation recommendation. The remaining reference to the California conviction is in an Oregon Presentence Report, introduced into evidence at the sentencing hearing, which states that California "revocation proceedings are unlikely given Stallings's conviction in Federal Court."[FN2]

> FN2. The referenced federal court conviction is a 1995 conviction for Interstate Travel in Aid of a Crime of Racketeering

prosecuted in the United States District Court for the District of Oregon.

The final disposition of the California conviction resulted in Stallings receiving probation with the imposition of sentence suspended. Although probation revocation proceedings were commenced by the probation office, the California court neither revoked probation nor did it pronounce judgment. SeeCal.Penal Code § 1203.2(b); see also *922People v. Smith, 12 Cal.App.3d 621, 90 Cal.Rptr. 811, 814 (1970) ("It is equally clear that probation was revoked ... and a bench warrant was issued so that judgment and sentence could be imposed, imposition thereof having been suspended approximately three years earlier...."). If imposition of sentence was suspended, and probation was never revoked, then there is no judgment entered against the defendant. As explained in an early California Supreme Court case:

> When judgment is not pronounced and further proceedings are suspended, there is no judgment against [the defendant]. His activities are limited only by the terms of the probationary order, under the supervision of the probation officer. Upon revocation of probation the defendant is entitled to a hearing and to be sentenced, before he can be committed to the appropriate institution.

Stephens v. Toomey, 51 Cal.2d 864, 338 P.2d 182, 187 (1959) (citation omitted); see also People v. Pennington, 213 Cal.App.3d 173, 261 Cal.Rptr. 476, 478 (1989) ("Where no sentence is imposed at the time probation is granted, a subsequent decision terminating probation requires that judgment be pronounced."(citing Cal.Penal Code § 1203.2, subd. (c))); United States v. Qualls, 108 F.3d 1019, 1023 (9th Cir.1997) ("There is no judgment pending against a probationer when the court withholds imposition of judgment and suspends further proceedings. Because the California court granted [the defendant] probation and suspended further proceedings, [the defendant] does not have a final or

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

301 F.3d 919
301 F.3d 919
(Cite as: 301 F.3d 919)

pending judgment against him in California."(internal citations omitted)), *aff'd en banc,* 140 F.3d 824,*vacated and remanded,* 525 U.S. 957, 119 S.Ct. 398, 142 L.Ed.2d 323,*rev'd on other grounds,* 172 F.3d 1136.

[4] In *United States v. Robinson,* 967 F.2d 287 (9th Cir.1992), the Ninth Circuit concluded that under California law a probation order is not a "judgment" when the imposition of sentence is suspended. *See id.* at 293. The Ninth Circuit noted that California law provides: "[W]hen a sentencing court grants probation after a conviction, it may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order its execution to be stayed. In the latter case only, a judgment of conviction is rendered." *Id.* (citing *People v. Arguello,* 59 Cal.2d 475, 30 Cal.Rptr. 333, 381 P.2d 5, 6 (1963)); *see also United States v. Haggerty,* 85 F.3d 403, 406 (8th Cir.1996) (citing *Robinson* for the proposition that a probation order is not a judgment). In Stallings's case, there was no judgment of conviction entered and the appropriate time for revoking his probation and entering judgment has lapsed. *See Cal.Penal Code* § 1203.3(a) ("The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence...."); *see also In re Perez,* 65 Cal.2d 224, 53 Cal.Rptr. 414, 418 P.2d 6, 11 (1966) ("If probation was timely revoked, judgment could be imposed at any time thereafter."); *Smith,* 90 Cal.Rptr. at 814 ("It is also settled that an order revoking probation, to be valid, must be made within the period fixed in the order of probation. If not revoked within that period, the probation terminates automatically on the last day."). Accordingly, no valid judgment has been entered against Stallings and, therefore, the enhanced sentence imposed in reliance upon the California conviction was improper.

## II.

[5][6] Stallings also contends the evidence was insufficient to support his conviction. We review sufficiency of the evidence challenges in the light most favorable to the verdict, giving the government**923 the benefit of all reasonable inferences. *United States v. Calderin-Rodriguez,* 244 F.3d 977, 983 (8th Cir.2001). Under this standard, we find Stallings's contentions without merit. Witnesses testified that Stallings shipped cocaine through the mail and arranged for others to deliver crack on his behalf. The government also introduced wiretap evidence linking Stallings with admitted drug distributors and physical evidence including two scales, an Exacto knife, a razor, and a large amount of cash seized from a storage locker rented to Stallings. Stallings contends that the drug dealers testifying against him were motivated to reduce their sentences through cooperation with the government. Issues of witness credibility and bias, however, were resolved by the jury and we do not reconsider these issues on appeal. *Id.* at 988.

## III.

[7] Finally, Stallings contends that the sentencing disparity between crack cocaine and powder cocaine crimes violates the Due Process Clause. This argument has been repeatedly considered and rejected by this court. *See United States v. Johnson,* 108 F.3d 919, 922 (8th Cir.1997) (citing *United States v. Carter,* 91 F.3d 1196 (8th Cir.1996); *United States v. Smith,* 82 F.3d 241, 244 (8th Cir.1996), *cert. denied,* 519 U.S. 856, 117 S.Ct. 154, 136 L.Ed.2d 99 (1996)). Only the court en banc can overrule an earlier panel decision. *United States v. Riza,* 267 F.3d 757, 760 (8th Cir.2001).

Accordingly, we affirm the conviction, and remand for re-sentencing.

C.A.8 (Neb.),2002.
U.S. v. Stallings
301 F.3d 919

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.